Joseph **SKRZYPCZAK**, Plaintiff,

v.

Margaret M. **HECKLER**, Secretary of Health and Human Services, Defendant.

**Civ. A. No. 83–83 ERIE.**

United States District Court, W.D. Pennsylvania.

March 19, 1984.

William Taggart, Erie, Pa., for plaintiff.

Donald E. Lewis, Asst. U.S. Atty., Erie, Pa., for defendant.

## MEMORANDUM OPINION

WEBER, District Judge.

This is an action brought under 42 U.S.C. § 405(g) to review the Secretary's final decision denying the plaintiff's claim for disability benefits under Title II of the Social Security Act.

Plaintiff filed an application for disability benefits on August 11, 1981. He was pre-viously diagnosed as suffering from a permanent condition of silicosis, an acute pulmonary disease generally caused by work place exposure. After considering plaintiff's claims relating to the ailment at a hearing held May 28, 1982, the Administrative Law Judge, in a decision dated June 25, 1982, determined that the plaintiff was not disabled for purposes of the Act and not entitled to disability insurance benefits.

In February and March of 1982 it was discovered that plaintiff also suffered from coronary artery disease. Because of the similarity of symptoms; chest pains and shortness of breath, early diagnosis of the coronary problem had been camouflaged. The disability examiner's analysis of December 21, 1981 and September 24, 1981, upon which the Administrative Law Judge relied, took into account the pulmonary silicosis but the analysis preceded the independent diagnosis of the coronary problem. Meanwhile, the Appeals Council in response to plaintiff's request for review of the decision of the Administrative Law Judge considered further evidence relating to the coronary problem submitted by plaintiff but denied the request. The Appeals Council found that the new evidence was consistent with the evidence already in the record and of no material bearing on the decision. We disagree. We concur, in part, with the report of the Magistrate that the Appeals Council erred in determining that the new evidence was merely repetitive of what was on the record.

The materials before the Administrative Law Judge did not include the deposition of August 4, 1982 of the treating physician, Dr. Jageman, and his determination that if plaintiff were forced to return to work this would increase the severity and frequency of anginal attack, "and could indeed precipitate myocardial damage and myocardial infarction and even death." The deposition contains other emphatic statements from Dr. Jageman that the plaintiff is not even capable of sedentary work. The Administrative Law Judge also did not have before him a letter from the Bureau of Rehabilitation dated September 28, 1982, that stated

that the plaintiff is too severely disabled to work.

These matters not before the Administrative Law Judge are now properly in the record and as such are available for our review.

 We note that a treating physician's opinion is entitled to great weight in determining whether plaintiff is disabled, *Johnson v. Weinberger,* 383 F.Supp. 1111 (1974), particularly where, as here, it is not contradicted by another physician, *Burns v. Weinberger,* 394 F.Supp. 1179 (1975). Plaintiff's claims of disability are further supported by the conclusions of Dr. Heibel and Dr. Schaaf. Based upon all the available evidence, the plaintiff is disabled under the meaning of the Act and incapable of sedentary work and he is, therefore, entitled to disability benefits. We part company from the Magistrate's recommendation in that we see no need for a remand to the Secretary under the facts of the case. In so much as plaintiff's claims are essentially unrebutted, we think any further delay is inappropriate. *Smith v. Califano,* 637 F.2d 968 (3d Cir.1981).

Accordingly, summary judgment is entered in favor of the plaintiff.