**Richard A. SUMMERS, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. CV 84–179–M–RES.**

United States District Court, D. Montana, Missoula Division.

Oct. 8, 1985.

Larry E. Riley, Garlington, Lohn & Robinson, Missoula, Mont., for plaintiff.

Carl Rostad, Asst. U.S. Atty., Great Falls, Mont., for defendant.

OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

This is an appeal from a final decision of the Secretary denying Social Security benefits. There are two issues presented: The first issue relates to the duties of the Secretary in evaluating pain in cases of claimed disability; the second is whether the plaintiff is disabled under 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02 (1985).

On the first issue the Administrative Law Judge (ALJ) found, after a hearing, that the plaintiff was disabled because of back difficulties and rheumatoid arthritis, coupled with pain. The Appeals Council reversed, and the question is whether there is substantial evidence to sustain the decision of the Appeals Council.

In reaching its conclusion, the Appeals Council reviewed the extensive physical examinations of the plaintiff, noted the many normal findings in them, and concluded as follows:

The medical evidence shows that the claimant has no damage to his joints due to arthritis. He has a fairly full range of motion of his back, neck, shoulders, elbows, wrists, and fingers without evidence of heat or significant swelling. There is no evidence of any damage to nerves and/or muscles. The claimant is able to stand, walk, and use his arms without significant difficulty. The findings of record do not support the claimant's allegations of constant, severe, debilitative pain.

The medical record fails to reveal the existence of a condition that would significantly impinge upon the claimant's capacity to perform basic work-related activities. Accordingly, a finding of "not disabled" is warranted.

The Appeals Council also found, *inter alia,* as follows:

3. The claimant has the following impairments: generalized back pain with polyarthralgias and positive RA latex test.

4. The claimant's subjective complaints are inconsistent with the medical evidence of record which does not reflect the degree of severity alleged.

 This case is governed by 42 U.S.C. § 423(d)(5)(A),[1] which reads in pertinent part:

An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this para-

graph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

I think that under this section the Secretary is required to consider subjective evidence of pain once an abnormality has been shown which could reasonably be expected to produce pain. Whether an abnormality could reasonably be expected to produce pain is a fact question. Once that question is decided in the affirmative, then, as I see it, the law requires the Secretary to determine as a question of fact whether the subjective evidence of pain may reasonably be accepted as consistent with the medical signs and findings shown by all of the evidence.

I reach this conclusion because, unless the second use of the words "medical signs and findings" adds something to the meaning of the section, the words are simply redundant. In addition, their second use is preceded by the word "the," which lends credence to the idea that all, and not just some, of the medical signs and findings must be considered.

 The plaintiff testified to his pain, and if that testimony is believed, plaintiff is totally disabled. There was corroboration of plaintiff's testimony. The ALJ found plaintiff to be credible. This is a case in which there was an abnormality which could and did cause pain. The severity of the pain was discounted solely because the

---

**1.** As amended by Pub.L. No. 98–460, § 3(a)(1) and (3), 98 Stat. 1799 (1984), applicable to all determinations made prior to June 1, 1987.

Secretary did not believe the severity of the pain was consistent with plaintiff's overall medical condition.[2] Under my interpretation of the statute, the fact-finder may weigh the subjective evidence of pain against the inferences that may be drawn from all of the medical evidence and find that the pain is not as severe as the subjective evidence shows it to be. This is certainly a departure from the rule announced in *Polaski v. Heckler*, 585 F.Supp. 1004 (D.Minn.1984), and if in this weighing process the fact-finding power of the Secretary is accorded respect, the rule may achieve results different from those reached in cases such as *Sayers v. Gardner*, 380 F.2d 940 (6th Cir.1967). In its Finding No. 4, the Appeals Council did exactly what the law permits it to do. While the facts are susceptible of another interpretation, I am unable to say that there is not substantial evidence supporting the findings of the Appeals Council.

█ The record contains a report by the plaintiff's treating physician and a report by a state-employed rehabilitation counselor that the plaintiff is totally disabled because of the pain which he suffers. Such reports are not conclusive. *Lombardo v. Schweiker*, 749 F.2d 565 (9th Cir.1984). 20 C.F.R. § 404.1527 (1985).

Neither the ALJ nor the Appeals Council made specific findings as to the existence of an impairment listed in 20 C.F.R. § 404.-1520(d) (1985). There is no doubt, as found by the Appeals Council, that the plaintiff is afflicted with rheumatoid arthritis, and the arthritic condition is corroborated by laboratory tests provided in 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02 B (1985). The record does not, however, disclose the swelling, the tenderness involving multiple joints, and the signs of joint inflamation required by § 1.02 A.

The decision of the Appeals Council is affirmed.

2. This case is not the same as *Mark v. Celebrezze*, 348 F.2d 289 (9th Cir.1965), where plain-

tiff's activities cast doubt upon the credibility of his complaints of pain.