Nancy J. DILLING, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 85–1834.

United States District Court, W.D. Pennsylvania.

Sept. 18, 1986.

David E. Henderson, New Castle, Pa., for plaintiff.

Barbara M. Carlin, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This is an appeal from the decision of the Secretary denying plaintiff Supplemental Security Income benefits. On consideration of cross motions for summary judgment we conclude that the Secretary's findings are not based on substantial evidence, but because the evidence of record concerning the duration of claimant's impairment is equivocal and insufficiently developed, we remand for further hearing on this issue.

Plaintiff is now 41 years old. She is a divorced mother of three and has worked on the family farm and as a housewife. Her only employment experience is 9 months part-time work as a cook at Howard Johnson's ending on July 11, 1984 when she quit because of the pain she was experiencing.

Plaintiff began experiencing back problems in 1981. This was subsequently diagnosed as a herniated lumbar disc, and in March, 1982 she underwent a hemilaminectomy and partial fasciectomy at L4–5.

Plaintiff's condition improved following surgery, but in March, 1983, plaintiff slipped and fell, further injuring her back. Conservative treatment with medication, therapy, manipulation, and nerve blocks failed to relieve plaintiff's symptoms. In July, 1984 various tests revealed spinal stenosis and foraminal encroachment and a wide decompression laminectomy and foraminotomy were performed.

Plaintiff filed a claim for SSI benefits in July, 1984 after giving up her job as a cook and being hospitalized for her back problems. A hearing was held before an Administrative Law Judge (ALJ) on November 14, 1984. The ALJ issued his findings and opinion on January 16, 1985 and the Appeals Council affirmed on June 12, 1985. The appeal to this court was then timely filed.

The ALJ concluded that while plaintiff's back impairment prevented her from performing her previous work as a cook, she did retain the functional capacity to perform sedentary work. Our review of the record reveals that there is no substantial evidence to support this finding, but rather, all the medical evidence and the claimant's unrebutted testimony establish that, at least to the time of the November, 1984 hearing, plaintiff was totally disabled.

The ALJ cites the reports of treating physicians indicating that plaintiff was "improved" following surgery. However, improvement is a relative concept and closer examination of plaintiff's medical condition is necessary.

The ALJ also relies largely on the reports of treating physicians, prepared soon after surgery, indicating that plaintiff's prognosis was "fair" and projected a convalescent period of 12 weeks. Unfortunately, actual events did not bear out these prognoses. Both Dr. Robert Hendricks and Dr. Stanich, in reports dated November 27, 1984, characterized plaintiff's impairments as "severe" and indicated that total disability continued to that date. Dr. Stanich reported "severely limited activity," identified the prospect of "irreversible damage" to the nerve root should plaintiff resume her employment, and stated that lifting, bending or staying in one position for any length of time could cause muscle spasm and nerve root irritation. Dr. Hendricks noted the possibility of further surgery. Both agreed that plaintiff was in an extended convalescent period. The ALJ's reliance on hopeful prognoses in earlier reports is therefore unjustified.

■ The ALJ also recalls the plaintiff's testimony at the November, 1984 hearing that she is able to cook, sweep, shop, do laundry and some handwork, and relies on this to conclude that plaintiff is able to perform sedentary work. However, the ALJ simply ignores, and does not discredit, the plaintiff's testimony that she: can sweep her kitchen, but cannot bend down to pick up the dust; can put clothes in the washer and dryer, but can't lift them out;

can shop for groceries, but can't carry the bags; can cook, but only if she sits on a stool at the stove, and she cannot reach up or down to cabinets for foodstuffs or utensils; can run the vacuum, but cannot do a whole room at one time; can drive, but only with pain and for very short trips; can do handwork but only for very short periods without pain and has therefore virtually given it up. The ALJ also ignores, and does not discredit, the plaintiff's testimony that: she cannot tie her shoes; she cannot sit in most chairs for any period of time; she cannot tilt her head down to read a book or magazine for more than a few minutes without experiencing sharp pain; she has great difficulty in sleeping; she must lie down 3–4 times a day to relieve her pain. We do not believe that this selective approach to the testimony constitutes substantial evidence upon which the ALJ may reasonably rely to deny benefits. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Smith v. Califano,* 637 F.2d 968 (3d Cir. 1981).

The ALJ does correctly conclude that the record does not indicate that the plaintiff's impairment will continue for a 12 month period as required by the regulations. While plaintiff first experienced back pain in 1981, surgery in March of 1982 apparently brought favorable results. Although a series of falls in 1983 aggravated or reinjured plaintiff's back, she began working, albeit out of economic necessity and with discomfort, sometime late in 1983. She then worked until July 11, 1984. Therefore, at the time of the hearing in November, 1984, plaintiff had not yet been disabled within the meaning of the Act for a consecutive 12 month period, and there was no medical projection of the duration of the impairment.

■ However, the record is also devoid of sufficient evidence to support the contrary conclusion. Plaintiff's physicians in November, 1984 report her prognosis as fair, but also reveal that plaintiff had not recovered as hoped and that she faced the prospect of further surgery. Because the

record does not support either conclusion, we will remand this matter to the Secretary for further evidentiary hearing or other submission of evidence. *Stewart v. Secretary,* 714 F.2d 287 (3d Cir.1983); *Brenem v. Harris,* 621 F.2d 688 (5th Cir.1980). The purpose on remand shall be to receive such evidence as necessary to determine whether plaintiff's disabling impairment continued for a full 12 months following her last employment on July 11, 1984. As stated above, it is clear on this record that such an impairment existed from July 11, 1984 to November 27, 1984.

Therefore, for the reasons stated above, the decision of the Secretary is vacated, and the cause remanded for a determination as to whether plaintiff's disability continued for a 12 month period following her last employment on July 11, 1984.