Maggie ANDERSON, Plaintiff,

v.

Otis BOWEN, M.D., Secretary of Health and Human Services, Defendant.

No. 85 C 9867.

United States District Court, N.D. Illinois, E.D.

Nov. 18, 1986.

Martha L. Tonn, Mary Elizabeth Kopko, Mid-South Law Office, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty. by Barbara Lazarus, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

This matter concerns parties' motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated herein, defendant's motion is granted and plaintiff's motion is denied.

### I. FACTS

The plaintiff, Maggie Anderson, seeks review of an adverse determination by the defendant Secretary of Health and Human Services (Secretary) pursuant to 42 U.S.C. § 405(g). On April 6, 1984 plaintiff filed an application for widow's insurance benefits based on alleged disabilities stemming from the following impairments: heart disease, hypertension, arthritis and situational adjustment disorder. Her application was denied by the Social Security Administration (SSA), and the plaintiff petitioned for a hearing. The reviewing Administrative Law Judge (ALJ) concluded that the plaintiff's alleged conditions did not meet or equal any of those described in the SSA's listing of impairments which would entitle the plaintiff to the widow's insurance benefits. The ALJ's determination became the final decision of the Secretary when plain-

tiff's request for review by the Appeals Counsel was denied.

## II. DISCUSSION

Plaintiff assails the Secretary's decision on a number of grounds. First, plaintiff asserts the ALJ failed to properly evaluate whether her impairments entitled her to SSA benefits. Second, plaintiff contends the ALJ did not consider whether two or more unrelated impairments could combine to constitute a disability in determining medical equivalence. Third, plaintiff argues the ALJ failed to properly address the effects her impairments had on her ability to perform gainful activities.

Before addressing plaintiff's arguments, this Court notes that its role in reviewing a decision of the Secretary is limited to an inquiry of whether the decision is supported by substantial evidence, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 404, 91 S.Ct. 1420, 1428, 28 L.Ed.2d 842 (1971). In conducting this inquiry, the findings of the Secretary as to any fact, if supported by substantial evidence will be presumed conclusive. 42 U.S.C. § 402(g).

■ Turning to plaintiff's first argument, plaintiff asserts ALJ erred in not finding her conditions met the requirements of the following three SSA impairment listings: § 4.04 B(7)(b), § 4.04 B(7)(c), and § 1.03 A. 20 C.F.R., Part 404, Subpart P, Appendix 1 (1985). The first two listings under § 4.04 B refer to cardiac disorders of sufficient severity to qualify as a disabling impairment. Plaintiff essentially argues that the ALJ failed to consider catheterization evidence presented by plaintiff at the hearing which commanded a finding of disability. However, § 4.04 clearly states that the results of an acceptable treadmill test are to be given priority in ascertaining the severity of a cardiac disorder. In the case at bar, such a treadmill test was taken by plaintiff, and showed the plaintiff's cardiac disorder was not equal to the severity required under § 4.04. The ALJ based his determination of ineligibility

on the results of the treadmill test. Accordingly, the ALJ's decision regarding § 4.04(B) is supported by substantial evidence and will not be disturbed.

■ The third listing referred to by plaintiff concern alleged impairments in her right knee. Under listing § 1.03 A, an applicant must demonstrate conditions resulting in a marked inability to stand or walk. Plaintiff argues she presented sufficient evidence of pain and stiffness in her knee to warrant a finding under § 1.03 A. However, the ALJ was also presented with testimony from a consulting physician who had found plaintiff only had a mild limp and no gait difficulty. The consulting physician testified he carefully examined the plaintiff and found no impairments that met the severity required under § 1.03 A. Given the foregoing testimony, this court is compelled to rule substantial evidence existed at the hearing to support the determination plaintiff's impairments did not meet the requirements of listing § 1.03 A.

■ Plaintiff next argues that although her impairments may not meet the specific requirements of listings § 4.04 B and § 1.03 A, her conditions are medically equivalent to these listed impairments. To equal a listed impairment, symptoms, signs and findings relevant to the applicant's impairments must at least approach in clinical significance the symptoms, signs and findings for the listed impairments. 20 C.F.R. § 404.1526 (1986); Social Security Ruling (SSR) 83–19. Although plaintiff points to a number of conditions in an attempt to equal the findings required under §§ 4.04 B(7)(b) and (c), plaintiff again fails to recognize those sections are applicable only in the absence of an acceptable treadmill exercise test. 20 C.F.R. Part 4.04 Subpart P, Appendix § 4.04 B. As established earlier, such a treadmill test was taken by the plaintiff and showed her impairments were not severe enough to qualify under the listing. Accordingly, plaintiff did not present facts which could have established equivalence under listing § 4.04 B.

 Plaintiff also asserts her conditions are medically equivalent to the § 1.03 A listing for arthritis of a major weight bearing joint. Plaintiff contends the osteoarthritis in her right knee together with her heart blockage, diabetes, hypertension and nervous condition warrants a finding of equivalence under § 1.03 A. According to SSR 83–19, the mere accumulation of a number of impairments does not establish medical equivalence. When an individual suffers from a combination of unrelated impairments, SSR 83–19 requires the medical findings of the combined impairments to be compared to the findings of the listed impairment most similar to the individual's most severe condition. In this case, none of the other impairments complained of by plaintiff have any impact on the body part which lies at the core of the § 1.03 A listing: the right knee. Thus, substantial evidence supports the finding that plaintiff did not establish equivalence under § 1.03 A.

Plaintiff's final argument is that her impairments should be found medically equivalent to the above-mentioned listings because in combination, they leave her without residual functional capacity (RFC). However, SSR 83–19 states that the functional consequences of the applicant's alleged impairments (i.e. RFC), irrespective of their nature or extent, cannot justify a determination of equivalence. A widow insurance benefit claim may only be allowed on the basis of the severity of an individual's impairments as indicated in the listings. The present functional capacity of the individual is not a basis for granting a widow insurance benefit claim. *Hundrieser v. Heckler*, 582 F.Supp. 1231, 1237 (N.D. Ill.1984). As the testimony of a consulting physician indicates the plaintiff's impairments did not meet or equal any impairment in the listing and the RFC of the plaintiff cannot justify a determination of equivalence, substantial evidence exists to support the Secretary's decision.

## III. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

IT IS SO ORDERED.