**George BAIRD, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 85–1864.**

United States District Court, W.D. Pennsylvania.

Nov. 26, 1986.

---

· Timothy Conboy, Pittsburgh, Pa., for plaintiff.

Amy Reynolds Hay, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff appeals from the decision of the Secretary denying him Disability Benefits and Supplemental Security Income Benefits. The parties have filed cross motions for summary judgment and there are no disputed issues of material fact.

Plaintiff is now 62 years of age, 5'7" tall and weighing 245 lbs. He is a high school graduate and has been employed in various capacities in manufacturing industries, including 9 months as a plant manager as well as skilled labor positions.

In January, 1984 plaintiff was diagnosed as suffering from severe adenocarcinoma of the prostate and he underwent surgery at that time. Subsequently, plaintiff endured an extended period of radiation therapy which unfortunately resulted in ostitis pubis. Plaintiff also suffers from hypertension and severe shortness of breath on exertion due to a chronic restrictive ventilatory condition.

Three physicians, two of whom are plaintiff's treating doctors, provided reports to the Social Security Administration. These reports and the medical records submitted are consistent in their descriptions of plaintiff's condition and complaints, and the three doctors are unified in the conclusion that plaintiff is totally disabled from all substantial gainful activity.

In the face of the medical evidence and the unequivocal opinions of three physicians, the ALJ chose to disregard the reports and concluded that claimant was able to perform his past employment as a plant manager. In fact the ALJ concluded that plaintiff was only disqualified from jobs requiring heavy lifting.

The Secretary of course relies on the premise that a physician's conclusory

statement, unsupported by medical evidence, may be discounted. But all three physicians exhaustively recite the objective medical tests which give rise to their opinions. Two of those physicians have the considerably significant advantage of observing the plaintiff over an extended period of treatment. We will not under these circumstances permit the ALJ to substitute his medical opinion for those of three qualified physicians.

The ALJ discounted plaintiff's complaints of pain, largely on the basis of the "sit and squirm" test. While the claimant's appearance is a factor for consideration, the failure of claimant to evidence obvious discomfort in a brief hearing is no basis on which to reject his complaints and the opinions of three physicians. *Lewis v. Califano*, 616 F.2d 73 (3d Cir.1980). This is particularly true where, as here, the claimant *admits* that he can sit for short periods without significant discomfort.[1]

The ALJ also notes that plaintiff takes medication which gives some relief, but ignores Dr. Torio's report that plaintiff's pain persists, even with medication, and is aggravated by standing, walking and climbing stairs. Finally, the ALJ states that plaintiff's complaints of pain are not supported by objective medical evidence. Rather than repeat ourselves we refer the reader to the discussion above concerning the medical support for the physicians' opinions.

The ALJ based the denial of benefits on his conclusion that plaintiff could perform his past relevant work as a plant manager. However, that job required 6 hours of walking in an 8 hour day, and plaintiff's physicians indicate that plaintiff is incapable of prolonged walking or standing. The evidence plainly contradicts the ALJ's conclusion. This is likewise true of the ALJ's conclusion that plaintiff is capable of all but heavy lifting.

 At this stage we see no reason for remand. All medical evidence and three physicians indicate that the plaintiff is totally disabled from all employment. The decision of the Secretary will therefore be reversed and benefits awarded.

---

1. If this paragraph is not strong enough condemnation, we wish to make clear that the "sit and squirm" test will receive short shrift from this court. We can conceive of no more slender a reed upon which to judge an injured claimant's entitlement to benefits than the observation that he was able to sit still for 15 minutes.