Richard DONNELLY, Plaintiff,

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 85–2283.

United States District Court, W.D. Pennsylvania.

Dec. 9, 1986.

Robert N. Peirce, Jr., Pittsburgh, Pa., for plaintiff.

Albert W. Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

In this Social Security Disability Benefits case, the Administrative Law Judge ignored the clear and unequivocal opinions of two treating physicians and a consulting physician, and the claimant's 18 year history of progressively deteriorating coronary artery disease, to conclude that claimant was not disabled. We reverse.

Plaintiff is a 55 year old man, 5'11" and 270 lbs. He has a Masters of Science degree and has spent the past 17 years, when healthy, as a middle school teacher. He suffers from severe coronary artery disease with severe angina, diabetes mellitus and obvious obesity.

A brief review of claimant's medical history is in order. In August, 1968 plaintiff, age 39, was hospitalized with severe angina related to arteriosclerotic heart disease. In December of that year, plaintiff's treating physician described plaintiff's prognosis as poor and urged plaintiff to move into a sedentary occupation.

However, plaintiff apparently responded well to medication and exercise and returned to teaching. In 1971, the discovery of further occlusion resulted in coronary bypass surgery. Again, plaintiff responded well for a time but in 1976 he underwent triple bypass surgery.

Plaintiff continued to teach until 1983 when he took a sabbatical, and finally in May, 1984, 16 years after being told to find a less demanding job, he gave up his teaching position due to his health.

Plaintiff presently complains of severe angina which has gotten progressively worse since early 1984. The pain is precipitated by simple physical activities, cold weather and stress of even a minor nature. Plaintiff also complains of persistent fatigue which requires daily naps.

Plaintiff's complaints are confirmed by the physicians' reports. Dr. Frank Lally reports "severe coronary artery disease with recurrent angina, despite previous bypass surgery and medical treatment." (Trans. at 215). He also states that plaintiff "definitely has angina brought on by light housework, emotional stress and cold weather, despite medical treatment." (Trans. at 216). As a result, Dr. Lally concludes that "it is unlikely he could perform any substantial gainful activity without developing angina." (Trans. at 215).

Dr. John A. Yount, a consulting physician, examined plaintiff, reviewed his medical records and concluded that "the occurrence of anginal pain on excitement, exertion, and also without inciting factor limits this man's capacity for regular employment. These symptoms continue even in the presence of regular administration of customary nitrates and beta blocking drugs and require additional frequent sublingual use of nitroglycerin for attacks." (Trans. at 211).

Finally, both Dr. Yount and Dr. William Tuttle, plaintiff's treating physician, note the occurrence of arrhythmias in a stress test performed by plaintiff. Both physicians conclude that such arrhythmias would be life threatening and could be precipitated by such an occurrence as an angry confrontation in school.

■ The opinion of a treating physician is due considerable weight. The treating physician has the greatest opportunity to observe the patient over an extended period of time. This is particularly true here where the plaintiff has been under the care of Dr. Tuttle for his heart disease for 18 years.

It follows then that when a physician's opinion is well supported and not merely conclusory, it may not be ignored by the ALJ. We will not permit an ALJ to substitute his own medical opinion for the well supported opinion of a treating physician.

■ Here three doctors are united in concluding that plaintiff is disabled from

all employment by virtue of his severe angina, fatigue and life threatening arrhythmias. There is no contrary medical opinion in the record. The medical records substantiate the severity and long duration of plaintiff's heart disease, and the doctors report severely limited residual functional capacity.

The ALJ seizes upon two treadmill tests in which plaintiff did not complain of angina or fatigue. However, in the one test plaintiff experienced a life threatening arrhythmia, and in both cases he was under medication to relieve pain. We will not permit the ALJ to seize upon one isolated incident of questionable significance and use it to reject the opinions of three physicians. This is not substantial evidence.

For the reasons stated, the decision of the Secretary will be reversed, and benefits awarded to plaintiff. An appropriate order will follow.