**Richard A. SUMMERS,
Plaintiff-Appellant,**

**v.**

**Otis R. BOWEN, Secretary, Department
of Health, Education and Welfare,
Defendant-Appellee.**

**No. 85–4392.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 1987 *.

Decided March 24, 1987.

Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Susan P. Roy, Missoula, Mont., for plaintiff-appellant.

Carl E. Rostad, Great Falls, Mont., for defendant-appellee.

Before BROWNING, Chief Judge, WRIGHT, and BOOCHEVER, Circuit Judges.

PER CURIAM:

Summers applied for and was denied social security disability benefits. After a hearing, the ALJ found the medical evidence established that Summers suffered from severe impairments consisting of back difficulties and rheumatoid arthritis, and that his subjective complaints, including pain, were "fully credible and supported by the medical evidence." Upon consideration of Summers' age, education, and work experience, the ALJ determined Summers was disabled. The Appeals Council reversed, concluding Summers was not disabled.[1]

The Council's key finding, for purposes of this appeal, is Finding No. 4, which states: "The claimant's subjective complaints are inconsistent with the medical evidence of record which does not reflect the degree of severity alleged." The Council did not dispute the ALJ's findings as to the nature of Summers' physical impairments, and made no mention of the ALJ's finding that Summers' complaint of pain was fully credible.

The district court noted Summers' testimony as to his pain and said "if that testimony is believed, plaintiff is totally disabled." *Summers v. Heckler*, 618 F.Supp. 475, 476 (D.Mont.1985). However, the court also concluded that in making Finding No. 4, and in concluding on the basis of that finding that Summers was not disabled, "the Appeals Council did exactly what the law permits it to do." *Id.* at 477.

In two cases decided after the district court's decision, however, we held to the contrary. "[W]e have never required that the medical evidence identify an impairment that would make the pain inevitable." *Howard v. Heckler*, 782 F.2d 1484, 1488 (9th Cir.1986). "Thus it is improper as a matter of law ... to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings." *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir.1986). To paraphrase, "[T]he only reason given by the [Secretary] for finding [Summers] not disabled was that [his] subjective complaints were disproportionate to the medical evidence. This constitutes legal error and requires reversal." *Id.* at 1408. *See also Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir.1986); *Green v. Schweiker*, 749 F.2d 1066, 1070–71 (3d Cir.1984).

The Secretary may reject a claimant's testimony as to subjective pain if he does not believe it to be true, but if he does so, he "must make specific findings justifying that decision." *Cotton*, 799 F.2d at 1407. This admonition was consistent with that expressed in *Howard*, 782 F.2d at 1487: "[W]hen the Council exercises its power to reject the credibility findings of an ALJ, it must state its reasons for doing so, and the reasons must be based upon substantial evidence in the record." In this case the Council simply ignored the ALJ's express

---

1. In *Yuckert v. Heckler*, 774 F.2d 1365, 1369 (9th Cir.1985), *cert. granted sub nom. Bowen v. Yuckert*, — U.S. ——, 106 S.Ct. 1967, 90 L.Ed.2d 652 (1986), this court held 20 C.F.R. § 404.-1520(c) (1986) ("the severity regulation") violated the Social Security Act, 42 U.S.C. § 423 (1982), "because it does not permit the individualized assessment of disability required by the Act." Although this panel originally ordered a stay of submission pending the Supreme Court's disposition of *Yuckert*, upon closer examination, we have determined a stay is unnecessary. Even if the severity regulation is upheld, this case requires reversal on other grounds.

finding that Summers' testimony as to the extent of his pain was "fully credible."

Similarly, the Council erred by rejecting without "specific, legitimate reasons ... based on substantial evidence," *Cotton,* 799 F.2d at 1408, the uncontradicted opinion of Summers' treating physician that Summers' condition, including the pain he suffered, was totally disabling.

We have concluded that remand for entry of judgment awarding benefits is appropriate. The ALJ made detailed individualized findings supporting such an award. The evidence in support of those findings is substantial and uncontroverted. No other result could have been reached on review if the Council had properly applied the rules governing the consideration of a claimant's subjective testimony as to pain, and the attending physician's uncontradicted medical opinion. Summers applied for benefits over four years ago. Further avoidable delay in making the award would be unjustifiable. We therefore remand for entry of a judgment awarding benefits to Summers.

REVERSED AND REMANDED.