**Mary J. BARGER,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services.**

**Civ. A. 87–57 Erie.**

United States District Court,
W.D. Pennsylvania.

Aug. 14, 1987.

---

Judith Brown, Northwestern Legal Services, Franklin, Pa., for plaintiff.

Judith Fitzgerald, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

We have suspected for some time that the Secretary and some of the ALJ's manipulate the grids and regulations to achieve findings of no disability. This case presents an excellent example of this unconscionable genre.

Plaintiff was found to be of advanced age (56 at the time of hearing), have limited education (only 6½ years of school), and have no work experience (Plaintiff was never employed). A review of the Secretary's grids reveals that a person of such age, education and work experience, with a residual functional capacity for either sedentary, light or medium work, must be found to be disabled. 20 CFR § 404, SubPt. P, App. 2. Only if plaintiff is found to be capable of *heavy* work could the ALJ deny disability.

Heavy work is defined in the regulations as:

> **"Lifting no more than 100 pounds at a time with frequent lifting or carrying objects weighing up to 50 pounds."**

20 CFR § 416.967(d). Mrs. Bargar is 5′6″ tall, weighing 110 lbs. The ALJ concluded that, with her impairments, Mrs. Barger could lift nearly her full body weight occasionally and half her body weight routinely!

Plaintiff suffers from sciatica with pain radiating to her legs and feet, emphysema, hypothyroidism, heart disease and visual impairments due to disease. X-rays reveal the existence of the emphysema and of calcifications in the pelvis. Physicians have noted low back spasms, abnormal Romberg sign and poor heel and toe walk. Three EKG's have shown abnormal findings. Both treating physicians provided a diagnosis of sciatica and chronic obstructive pulmonary disease, and the opinion that plaintiff is totally disabled. The consulting physician, *selected by the agency*, reported mild lumbrosacral sprain and arthritis which limit plaintiff to lifting only 25 lbs. occasionally.

*None* of the medical evidence supports anything close to the ALJ's conclusion that plaintiff can lift up to 100 lbs. Perhaps the ALJ needs a reminder that he is not a physician. At the least we expect that the ALJ will determine the facts and then apply the grids, rather than applying the grids and then finding the facts necessary to a conclusion of not disabled.

For the reasons stated, the decision of the Secretary will be reversed. Because the grids employed by the Secretary require a finding of disabled in these circumstances for any person with residual functional capacity less than heavy work, plaintiff is entitled to disability benefits.

## ORDER

**AND NOW,** in accord with the accompanying Opinion, it is hereby ORDERED that the Summary Judgment is GRANTED in favor of the plaintiff and against the defendant. The decision of the Secretary is REVERSED and disability benefits AWARDED to claimant.