**William O. CLARK, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. C 85 8081 AJZ.**

United States District Court, N.D. California.

July 17, 1987.

As Amended Aug. 26, 1987.

Joseph P. Russoniello, U.S. Atty., Elizabeth K. Trager, Asst. U.S. Atty., San Francisco, Cal., for defendant.

John C. Willbrand, Concord, Cal., for plaintiff.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ZIRPOLI, District Judge.

This action was originally brought on November 6, 1985 to seek review of a final decision of the Secretary of Health and Human Services ("Secretary") that plaintiff regained the capacity to perform "light work" within 12 months of his heart attack and was therefore not entitled to disability benefits. Plaintiff William O. Clark is 53 years old and has completed high school and several years of college. He worked as a salesman for 26 years, selling boats and industrial tools, a job which he himself characterized as requiring light work. Plaintiff alleges disability as a result of cardiovascular disease, which caused a myocardial infarction on January 20, 1984.

### ANALYTICAL FRAMEWORK

According to "the well-established case law of this and other circuits" the claimant must establish a *prima facie* case of disability by showing a physical or mental impairment that prevents past relevant work. *Smith v. Heckler,* 595 F.Supp. 1173, 1178 (E.D.Cal.1984) (citing cases). The burden of proof shifts to the Secretary only on the question of whether the claimant remains capable of performing other jobs. *Id.*

On these cross-motions for summary judgment this court's role is limited to review for legal error or for factual findings not supported by substantial evidence. 42 U.S.C. § 405(g); *Cotton v. Bowen,* 799 F.2d 1403, 1406 (9th Cir.1986); *Howard v. Heckler,* 782 F.2d 1484, 1486–87 (9th Cir.1986). Where the evidence as a whole can support either outcome, the court may not substitute its judgment for that of the administrative law judge ("ALJ"). *Key v. Heckler,* 754 F.2d 1545, 1549 (9th Cir.1985).

### DOES CLARK SUFFER FROM A LISTED IMPAIRMENT?

Although it is undisputed that Clark suffers from ischemic heart disease with

chest pain of cardiac origin, the ALJ found that his condition did not meet or equal the listing governing this type of impairment. Transcript at 11; *see also* 20 C.F.R. Part 404, Subpart P, App. 1, § 4.04 (hereinafter "Appendix 1, § 4.—"). Two types of diagnostic findings are relevant to Clark's disability claim: treadmill exercise tests, Appendix 1, § 4.04A, and angiographic evidence of coronary obstruction. *Id.* at § 4.04B7.

When the evidence includes the results of a treadmill exercise test, this evidence is the primary basis for adjudicating claims [of ischemic heart disease] under 4.04.... The criteria in 4.04B [such as angiographic evidence] are not applicable if there is documentation of an acceptable treadmill exercise test.

*Id.* at § 4.00G4. *See also id.* at § 4.04B.

Dr. Lage, the medical advisor called to testify by the Secretary, opined that Clark's cardiovascular impairment met or equalled the angiographic criteria set forth in Appendix 1, Section 4.04B7b. Transcript at 36, 39, 44. However, angiographic evidence may be considered only in the absence of an acceptable treadmill test. *Anderson v. Bowen*, 647 F.Supp. 1453 (N.D.Ill.1986) (sustaining ALJ's decision to reject catheterization evidence offered by claimant in favor of treadmill test). The ALJ's careful analysis of Sections 4.04A and B of Appendix 1 and his consideration of the January 11, 1985 treadmill exercise test (in which Clark's performance did not meet the functional listing of Section 4.04A) [1] provided the "clear and convincing reasons" required for the rejection of an expert medical opinion. *See Allen v. Heck-*

ler, 749 F.2d 577, 579 (9th Cir.1984). The rejection of Dr. Lage's opinion of *per se* disability is further justified because it contradicts his opinion that Clark does not meet the functional listing of Section 4.04A. Transcript at 38. Since the ALJ's refusal to consider Clark's arterial obstruction as evidence of disability *per se* is supported by substantial evidence, it will not be disturbed.

## CAN CLARK RETURN TO HIS PAST WORK AS A SALESMAN?

After finding that Clark was not disabled *per se*, the ALJ proceeded to consider whether he retained the residual functional capacity to perform past relevant work. In finding that Clark retained this capacity, the ALJ relied on Dr. Lage's opinion that Clark could perform light or sedentary work and that he could return to his job in sales, even after considering his need to avoid stress. Transcript at 42. Clark argues that this finding is not supported by substantial evidence, because the ALJ improperly rejected his subjective complaints of pain and did not give adequate weight to the deleterious effects of work-related stress.

### Clark's Testimony Regarding Subjective Pain

The ALJ may reject a claimant's testimony as to subjective pain only if he "makes specific findings justifying the decision." *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir.1986). Clark testified that he experiences non-anginal chest pains if he exercises beyond his normal limits or does not take his medication. Transcript at 32, 34–35. The ALJ accepted these complaints to the extent that they preclude Clark from engaging in moderate or heavy work.

---

1. Plaintiff argued to the Social Security Administration Appeals Council that the January 1985 treadmill test was not acceptable because his heart response was limited by medication. Transcript at 6, 141 (letter from Patrick M. Moloney, Clark's treating cardiologist); *see also* Appendix 1, § 4.00F1 ("The effect of drugs ... should be considered [in interpreting treadmill tests]."). However, the court finds that this argument has been abandoned, as no reference to it appears in his brief.

Were it again advanced, it would be rejected. At the hearing, Dr. Lage confirmed that "there's

nothing wrong with the [January 1985] treadmill test," Transcript at 38, despite his awareness that Clark was being maintained on beta blocker therapy. *See id.* at 41–42. Moreover, the Secretary could reasonably conclude that Clark's performance while under the influence of Blocadren is relevant to an evaluation of his residual functional capacity, since he is expected to continue with this medication. *See Key*, 754 F.2d 1545, 1549 (proper to consider testimony that claimant's heart problem was being treated with medication).

Transcript at 13. However, the ALJ found that Clark's pain is simply not inconsistent with the performance of light work. *Compare Summers v. Bowen,* 813 F.2d 241, 242 (9th Cir.1987) ("if [plaintiff's] testimony had been believed, plaintiff is totally disabled"). Several factors support the ALJ's decision.[2] Clark is able to drive long distances in his car, Transcript at 28 and 30, and to take care of his own household needs. *Id.* at 30–32. He also participates in an exercise program including walking and bicycling, which causes him pain only when he overexerts himself. *Id.* at 34–35. Dr. William H. Willis, Jr., the cardiologist who administered the most recent treadmill test, characterized Clark's performance as assisted by his beta blocker therapy as demonstrating "normal exercise tolerance." *Id.* at 129. Other records and reports from Clark's treating doctors contain notations such as Clark "[had] recovered fully," *id.* at 127, "was quite active," *id.*, "is basically asymptomatic," *id.* at 116, "has a good exercise tolerance," *id.* at 114, "is currently free of angina pectoris." *Id.* at 141. This level of activity is consistent with the ability to perform light work. *See Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir.1982) (plaintiff who "could walk a mile" capable of light work). In the absence of any conclusive medical evidence, it is the function of the Secretary to resolve conflicts in the evidence. *Id.* The ALJ's finding that Clark retains the capacity for light work is supported by substantial evidence.

### The Medical Evidence Does Not Support Clark's Claim of Stress-Induced Disability

Claimants with heart disease may be effectively disabled by the effect of stress. *See, e.g., Bradley v. Bowen,* 800 F.2d 760, 762 (8th Cir.1986); *Stewart v. Heckler,* 730 F.2d 1065, 1066–67 (6th Cir.1984); *Donnelly v. Heckler,* 651 F.Supp. 150, 151 (W.D.

Pa.1986); *Clemente v. Bowen,* 646 F.Supp. 1265, 1267–9 (S.D.N.Y.1986); *Skrzypczak v. Heckler,* 581 F.Supp. 40, 41 (W.D.Pa. 1984); *Cummings v. Harris,* 513 F.Supp. 35, 37 (S.D.Ohio 1980); *Schlabach v. Secretary,* 469 F.Supp. 304, 314 (N.D.Ind.1978). *But see Byerly v. Heckler,* 744 F.2d 1143, 1145 (5th Cir.1984) (former attorney not disabled despite heart condition, where claimant demonstrated excellent exercise tolerance).

However, the dangers of work-related stress to the claimant's health must be documented by his treating physicians or at least supported in some meaningful way by the claimant's own testimony. Here, the opinions of Clark's treating doctors are conspicuous by their absence. The only reference to stress comes from Dr. Patrick Moloney, a cardiologist, who noted that Clark experienced "occasional [and] brief" pain as a result of stress. However, Dr. Moloney concluded that this pain was not "true angina." Transcript at 114–15. This doctor's most recent report stated that "[Clark] is physically and emotionally unable to engage in any gainful employment *until a decision is made* concerning the need for coronary bypass surgery." *Id.* at 145 (emphasis added). In this curious opinion, the apparent source of Clark's disability is the indecision about his future, rather than any functional limitations.

Clark's testimony is similarly vague and conclusory:

I stay away from stress. If I wanted to get into stressful situations to cause chest pains, I can do that.... But I don't.

*Id.* at 33. The most probative evidence concerning Clark's stress-tolerance came from Dr. Lage, who "supposed" that "a stressful situation, [such as] anxi[ety] about [making] a sale" could bring on another myocardial infarction. *Id.* at 44. However, Lage also testified that "[based

---

2. Although the ALJ's official "finding" regarding Clark's credibility on the issue of pain is rather terse and conclusory, *see id.* at 13, the more detailed "evaluation of the evidence" section of his decision discusses all the above factors before concluding that Clark is capable of performing light work. *Id.* at 11–12. It would be overly formalistic to require the ALJ to repeat the entire evaluation section in order to fulfill

*Cotton*'s requirement of specific findings. *Lewin v. Schweiker,* 654 F.2d 631, 634–35 (9th Cir. 1981), is not to the contrary, where, as here, the ALJ has provided "explicit statements as to what portions of the evidence he accepted or rejected." *Id.* (citing *Baerga v. Richardson*), 500 F.2d 309, 312 (3rd Cir.1974), cert. denied, 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975)).

on the present record, Clark] could do a job selling, if he had to." *Id.* at 42.

In the absence of any conclusive medical evidence on the issue, it is the function of the Secretary to resolve conflicts in the evidence. *Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir.1982). Here, substantial evidence supported the ALJ's decision to reject the treating physician's equivocal opinion of disability, which was brief and conclusionary in form with little in the way of clinical findings. *See Young v. Heckler,* 803 F.2d 963, 968 (9th Cir.1986) (treating physician's most recent report *not* most probative where it lacked detailed clinical findings and contradicted his own earlier reports). The finding that Clark retained the capacity to perform light work despite the effects of stress is also supported by substantial evidence.

Accordingly,

IT IS ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.