Leonard SPICKLE

v.

Otis R. BOWEN, Secretary of Health
and Human Services.

Civ. A. No. 87–53 ERIE.

United States District Court,
W.D. Pennsylvania.

Nov. 23, 1987.

Douglas W. Reed, Pittsburgh, Pa., for
plaintiff.

J. Alan Johnson, U.S. Atty., Pittsburgh,
Pa., for defendant.

OPINION

GERALD J. WEBER, District Judge.

Plaintiff appeals from the Secretary's decision denying his applications for Social Security disability benefits and Supplemental Security Income benefits. The parties have submitted cross-motions for summary judgment, and after a review of the record we conclude that the Secretary's decision was based on substantial evidence of record.

Plaintiff is now 48 years old, with a high school education. He worked as a management employee in a toy store but quit, allegedly due to the effects of stress on his health. In 1984 he started his own business but this failed due to financial difficulties. Most recently, in 1986, plaintiff began working part-time in a real estate office, but we need not reach the question of whether that position constitutes substantial gainful employment.

Plaintiff suffers from coronary artery disease and underwent triple bypass surgery in February 1985. Plaintiff also complains of arthritis, pain in his heels, and depression. The Secretary reviewed the medical evidence and concluded that plaintiff retained the physical capacity for sedentary work, and his psychological impairment only disqualified him from stressful positions. On this record, we cannot say that the Secretary was wrong.

Plaintiff underwent triple bypass surgery in February, 1985 and subsequent reports show marked improvement. Plaintiff continues to complain of shortness of breath and some chest pain, but he takes only occasional medication. He also indicated that he can tolerate the chest pain without medication. The reports of plaintiff's treating physician are inconsistent as regard plaintiff's physical limitations, and we cannot fault the Secretary for considering the doctor's inconsistent opinions in

light of the full medical record. While a treating physician's report is due considerable weight, as we have repeatedly stressed in the past, *see e.g. Barger v. Bowen,* 666 F.Supp. 77 (1987); *Keck v. Bowen,* 651 F.Supp. 1160 (1987); *Donnelly v. Heckler,* 651 F.Supp. 150 (1986); *Baird v. Heckler,* 647 F.Supp. 1572 (1986); *Dilling v. Heckler,* 645 F.Supp. 81 (1986), where the physician contradicts himself, and where other medical evidence indicates a less severe impairment, the physician's opinion may be discounted. While we believe the Secretary often improperly rejects a treating physician's opinion, on the present record the Secretary's conclusion is based on substantial evidence.

Plaintiff also complains that his depression prevents him from holding steady employment. While various doctors have noted plaintiff's depression, none have given any insight into its severity. Plaintiff was evaluated by a psychiatrist, and his report is the only psychiatric opinion available to the Secretary. The psychiatrist concluded that plaintiff's condition was mild and recommended that plaintiff avoid stressful occupations.

The Secretary concluded, based on substantial evidence of record, that plaintiff's heart disease and arthritis limited him to sedentary occupations. The Secretary's conclusion that plaintiff's mild depression prevents him from handling stressful positions, but does not significantly reduce plaintiff's capacity to perform the range of sedentary occupations, is likewise supported by substantial evidence. The decision of the Secretary will therefore be affirmed.