74 F.3d 1249
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jess OLSON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-5042.
 United States Court of Appeals, Tenth Circuit.
 Jan. 10, 1996.
 
 Before EBEL, McKAY, and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT[2]
 LUCERO, Circuit Judge.
 
 
 1
 We unanimously order the case submitted for a decision on the briefs without oral argument in accordance with the applicable rules.
 
 
 2
 Jess Olson appeals from an order of the district court affirming the Secretary's determination that he is not eligible for Social Security disability benefits under either Title II or Title XVI. We affirm.
 
 
 3
 Appellant alleges disability as of July 31, 1983, arising from high blood pressure, impaired use of his left shoulder, headaches, and arthritis. He further alleges disability arising from triple bypass surgery in 1987, and leukemia.
 
 
 4
 The administrative law judge denied benefits at step four, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988), on the basis that appellant could perform his past relevant work as a court bailiff. On appeal, appellant argues the record lacks substantial evidence to support the determination that he can perform his past relevant work. He also asserts the administrative law judge did not evaluate the stress potential of his past job.
 
 
 5
 "We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994) (citations and quotation omitted). At step four, the claimant retains the burden of showing he cannot perform his past relevant work. Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir.1992).
 
 
 6
 Appellant last met the insured status requirements for eligibility for Title II benefits on September 30, 1987. See 20 C.F.R. 404.320(b)(2). To be eligible for Title II benefits, appellant must show that he was disabled between July 31, 1983, and September 30, 1987. See Id. 404.1505(a).[3] Because the record contains no pertinent medical evidence apart from that verifying appellant's heart condition, which necessitated triple bypass surgery on September 17, 1987, appellant is not eligible for Title II benefits.
 
 
 7
 To be eligible for Title XVI benefits, appellant must show he was disabled between November 10, 1987, the date he filed his application, see id. 416.335, and July 17, 1991, the date of the administrative law judge's decision,[4] see id. 416.1476(b)(1). Medical evidence from this period does not support a finding of disability.
 
 
 8
 Approximately six weeks after his bypass surgery, appellant's treating physician told him he was not disabled. Rec. Vol. II at 125 (Dr. Coulter's notes of October 28, 1987). Dr. Coulter reiterated this opinion six months later. See id. at 318 (noting that appellant's depression appeared to be the reason he was not enjoying his return to full activity). Several physicians note appellant's complaints of headaches, but none has prescribed medication nor considered them disabling. As for the leukemia, the physician treating appellant for that condition has indicated he will not begin treatment unless the disease progresses.
 
 
 9
 Even though appellant is depressed to some degree, he has no disabling psychological impairment. See Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir.1988). Appellant began taking medication for his depression in 1990. Dr. Gordon concluded on August 27, 1990, that "from a psychological standpoint, he is capable of responding adequately with co-workers and supervisors and sustaining some type of work on a routine or repetitive basis." Rec. Vol. II at 303; see also id. at 309 (Dr. Goodman's report of September 17, 1990: "Psychologically, he should be able to return to the same level of work that he was doing previously....").
 
 
 10
 Substantial evidence supports the administrative law judge's determination that appellant is not disabled.[5] The determination that appellant's testimony regarding his limitations was not credible is also supported by substantial evidence. See Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir.1990)(credibility determinations are the province of the finder of fact which we will uphold if supported by substantial evidence).
 
 
 11
 Appellant cites Henrie v. United States Department of Health & Human Services, 13 F.3d 359 (10th Cir.1993), for the proposition that his history of cardiovascular disease obligated the administrative law judge to evaluate the stress potential of the bailiff position before determining he could perform the job. In Henrie, the court ordered an evaluation because the record contained evidence noting claimant's inability to handle stress. Id. at 361. While appellant testified below that his physicians had told him to avoid stressful situations, no physician has documented such a restriction. Appellant himself testified that he quit the bailiff position, not because of the stress of the position but, rather because he was facing shoulder surgery. See Rec. Vol. II at 40-41.
 
 
 12
 Because no medical restrictions regarding appellant's ability to deal with stress are documented and because the determination regarding appellant's credibility is supported by substantial evidence, the administrative law judge was not required to inquire further. See Soc. Sec. R. 82-62 (evaluation required if work demands have a bearing on medically established limitations); Clark v. Bowen, 668 F.Supp. 1357, 1360 (N.D.Cal.1987)(danger of work-related stress to claimant's health must be documented by treating physician or "in some meaningful way by the claimant's own testimony.").
 
 
 13
 We find no error that would warrant reversal. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [3]
 Section 404.1505(a) defines disability as follows:
 the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.
 The section further requires a severe impairment preventing the performance of any substantial gainful activity, considering the claimant's residual functional capacity, age, education, and work experience.
 
 
 [4]
 The July 17, 1991 decision is the second decision in this case. Appellant appealed an earlier decision to the district court. Upon motion of the Secretary, the case was remanded to obtain a mental status examination and vocational expert report
 
 
 [5]
 The record contains minimal medical evidence. None of it supports a finding of disability. The most telling evidence is found in plaintiff's statements to his physicians regarding his attitude towards working. See Rec. Vol. II at 125 (plaintiff is "inquiring about Social Security disability. I've advised him that I don't consider him disabled.... Certainly, given as well as his surgery and postoperative course have gone, there should be nothing preventing him from returning to his preoperative status."); id. at 307 (plaintiff reported to the examining psychiatrist that he has not really considered going back to work); id. at 318