Marion GREEN, Appellant,

v.

Richard SCHWEIKER, Secretary, U.S. Department of Health and Human Services.

No. 84–1193.

United States Court of Appeals, Third Circuit.

Argued Oct. 22, 1984.

Decided Dec. 7, 1984.

---

Eric J. Fischer (argued), Community Legal Services, Inc., Philadelphia, Pa., for appellant.

Beverly Dennis, III, Regional Atty., Michael Leonard (argued), Asst. Regional Atty., Dept. of Health & Human Services, Edward S.G. Dennis, Jr., U.S. Atty., Stanley Weinberg, Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Before SEITZ and ADAMS, Circuit Judges, and FISHER, District Judge.[*]

## OPINION OF THE COURT

PER CURIAM.

This is an appeal from a grant of summary judgment in favor of the Secretary of the Department of Health and Human Services in a disability review action.

Marion Green, the appellant, asserts that the Administrative Law Judge (ALJ) (1) refused to apply this Court's subjective evidence standard in discounting her complaints of pain, and (2) failed to satisfy the burden of proof requirements of *Rossi v. Califano*, 602 F.2d 55, 58 (3d Cir.1979), by applying medical-vocational regulation guidelines where non-exertional impairments are at issue. Because we agree with both of appellant's contentions, we will vacate the judgment of the district court and remand the matter for action consistent with this opinion.[1]

---

[*] Hon. Clarkson S. Fisher, C.J., United States District Court for the District of New Jersey, sitting by designation.

**1.** Appellant charges the Secretary with pursuing a policy of non-acquiescence in prior decisions of the Third Circuit regarding subjective complaints of pain. While this case was pending on appeal, Congress passed the Social Security Disability Benefits Reform Act of 1984, Pub.L. 98–460, *reprinted in* 130 CONG.REC. H9821–9827 (daily ed. Sept. 19, 1984) (the Disability Reform Act). Section 3(a) of the Act establishes the standard for evaluating pain in disability determinations. The new statute generally supports the Secretary's stated position on evaluation of pain, and therefore undermines plaintiffs' non-acquiescence argument. *See infra.*

## I.

The claimant, a 49-year old woman weighing approximately 240 pounds, has an eleventh grade education and employment experience as a chambermaid and kitchen worker. She stopped working on a full-time basis in the mid-1960's, and ceased even part-time work in 1976. Her disability is based on the following conditions: back pain; hypertension; angina; arthritis of legs and joints; chest pains; diabetes; and varicose veins.

Appellant's treating physician, Dr. Weiser, submitted a medical report that supports her claims of diabetes, hypertension, and angina. The Secretary requested two consultative examinations: one in 1980, by Dr. Hanney, an osteopath, and one in 1982, by Dr. Carver, an internist. The Secretary's physicians confirmed that Green suffers from most of the ailments listed above, but nonetheless indicated that she was physically capable of the requirements of sedentary work. Neither doctor specifically said that Green could perform sedentary work, but each completed "physical capacities evaluation" forms, setting forth the various physical components of sedentary, light and heavy work, without identifying them as such.

Green first applied for SSI disability benefits in April 1978. Her claim was denied, but upon her initial appeal to the district court she received a remand for reconsideration of the cumulative effect of her impairments, including the side effects of her medication.[2] On remand, the ALJ and Appeals Council again denied benefits. In his report, the magistrate found that the ALJ's discounting of claimant's subjective pain was supported by substantial evidence, that the ALJ had adequately considered the cumulative effect of claimant's impairments, and that the ALJ had sufficiently explained why he had chosen the reports of the Secretary's doctors over the opinion of claimant's treating physician. The district court approved the report and recommendation of the magistrate, and affirmed the denial of benefits.

## II.

Claimant argues that the decisions of the Appeals Council and the ALJ violate the Third Circuit standard as to subjective pain. That standard requires (1) that subjective complaints of pain be seriously considered, even where not fully confirmed by objective medical evidence; *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir.1981); *Bittel v. Richardson*, 441 F.2d 1193, 1195 (3d Cir.1971); (2) that subjective pain "may support a claim for disability benefits," *Bittel*, 441 F.2d at 1195, and "may be disabling," *Smith*, 637 F.2d at 972; (3) that where such complaints are supported by medical evidence, they should be given great weight, *Taybron v. Harris*, 667 F.2d 412, 415 n. 6 (3d Cir.1981); and (4) that where a claimant's testimony as to pain is reasonably supported by medical evidence, the ALJ may not discount claimant's pain without contrary medical evidence. *Smith*, 637 F.2d at 972.

Taken together, appellant maintains, these guidelines suggest that in certain circumstances subjective pain alone may be a sufficient basis for benefits, particularly where the ALJ cites no contrary medical evidence. While none of the cases previously decided by this Court directly so hold, claimant's interpretation is certainly reasonable; she finds direct support, moreover, in *Rodriguez v. Schweiker*, 523 F.Supp. 1240, 1244 (E.D.Pa.1981), which states that "subjective pain, even if completely unconfirmed by the medical evidence, may nonetheless be of sufficient severity to consider [claimant] disabled." Both the ALJ and the Appeals Council reject this position. The ALJ wrote, "no proof of disability may be based *solely on subjective complaints.*" The Appeals

---

**2.** We note that the propriety of the district court's remand on this basis—well supported at the time by Third Circuit case law, *see, e.g., Burnam v. Schweiker,* 682 F.2d 456, 458 (3d Cir.1982); *Bittel v. Richardson,* 441 F.2d 1193, 1195 (3d Cir.1971)—is confirmed by § 4 of the Disability Reform Act. Pub.L. 98–460, § 4, reprinted in 130 CONG.REC. at H9823 (daily ed. Sep. 19, 1984).

Council noted that Social Security regulation, 20 C.F.R. 404.1528(a) (1984), "expressly states that symptoms are the claimant's own description of physical or mental impairment and such statements alone are not enough to establish that there is a physical or mental impairment." On the basis of that regulation, the Appeals Council concluded that "a claimant will never be found disabled based on symptoms, including pain, unless medical findings show that there is a medical condition that could be reasonably expected to produce those symptoms."

Green urges that the Secretary's position constitutes non-acquiescence in prior decisions by this Court. In support of this contention appellant quotes a letter from the Chief Administrative Law Judge specifically ordering ALJs not to follow contrary judicial decisions regarding the subjective pain standard. While we question the legitimacy of non-acquiescence as a general matter, in this instance the Secretary has received temporary congressional approval for her stated policy. Section 3(a) of the Disability Reform Act states:

SEC. 3.(a)(1) Section 223(d)(5) of the Social Security Act is amended by inserting after the first sentence the following new sentences: 'An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability....'

Pub.L. 98–460, § 3(a)(1), *reprinted in* 130 CONG.REC. at H9823 (daily ed. Sep. 19, 1984). This interim provision essentially incorporates the Secretary's rule. *See* 20 C.F.R. § 416.929 (1984); *see also* S.Rep. No. 98–466, 98th Cong., 2d Sess. 3, 24 (1984). The provision is to remain in effect pending the results of a study concerning the evaluation of pain, which was commissioned by Congress in the same section of the Disability Reform Act.

The new statute highlights many of the same issues raised by appellant's appeal, but from a somewhat different perspective. Green charged that the inconsistency between the Secretary's ruling and our case law constituted non-acquiescence. Now that Congress has affirmed the Secretary's approach, however, the question is whether an inconsistency exists between the case law of this Court and the standard enacted by Congress.

The Secretary maintains, and we agree, that while our prior decisions on evaluating subjective pain may be read expansively to contradict the Secretary's approach, they may also be read restrictively, so as not to contradict the Secretary's general approach. The principal statements on subjective pain are contained in three cases. In *Bittel v. Richardson*, 441 F.2d 1193 (3d Cir.1971), we stated that "symptoms which are real to the claimant, although unaccompanied by objective medical data, may support a claim for disability benefits, providing, of course, the claimant satisfies the requisite burden of proof." 441 F.2d at 1195. The question in that case, however, was the scope of "medically determinable impairments." The Secretary urged that she need only consider impairments directly demonstrable by laboratory techniques, and this Court insisted, to the contrary, that the language of the statute was broad-

er. The evidence at issue was a physician's report based on subjective *and* objective symptoms. 441 F.2d at 1194. The Court held only that subjective complaints must be considered, and that such complaints can *support* a claim for benefits. The Secretary subsequently revised her own regulation "to clarify that pain, in itself, or other symptoms, can be disabling." 45 Fed.Reg. 55566, 55576–55577 (Aug. 20, 1980). It is that revised regulation which Congress has adopted. Thus *Bittel*, the Secretary's regulations, and the Disability Reform Act all state that subjective symptomology, such as pain, must be considered, and can *support* a finding of disability. This is in keeping with the caveat that subjective complaints of pain, without more, do not in themselves *constitute* disability.

*Baerga v. Richardson*, 500 F.2d 309 (3d Cir.1974), *cert. denied*, 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975), which affirmed the Secretary's denial of disability benefits, did not extend the *Bittel* rule any further. The Court there stated:

> Pain, in itself, may be a disabling condition ... and the present record includes medical data which would not contradict, indeed, would support plaintiff's complaints of pain.

500 F.2d at 312. Similarly, in *Smith v. Califano*, 637 F.2d 968 (3d Cir.1981), this Court was faced with a record that included subjective complaints of pain supported by a physician's report. 637 F.2d at 971. Once again, our language, if interpreted restrictively in its factual setting, does not conflict with the newly enacted statute.

> Pain may be disabling ..., and a claimant's assertions of pain must be given serious consideration ..., even where those assertions are not fully confirmed by objective evidence.

637 F.2d at 972 (citations omitted).

██ Therefore, we read the Disability Reform Act, as the Secretary suggests, to be consistent with prior case law of this Court. However, even if appellant fails in her broad challenge to the Secretary's position on subjective pain, we must further consider whether that standard was applied to the facts of this case.

In general, the Secretary considered claimant's subjective complaints of pain in some detail, employing what appears to be a proper standard. Thus, after reviewing the medical record with regard to each of claimant's pains, the ALJ concluded:

> While pain alone may be a basis for an allowance of benefits, in the instant case, the claimant's testimony of activities, medical evidence including objective findings and the physical capacity evaluation from two sources, the undersigned must conclude these allegations are not an accurate index of her condition. (sic) Therefore, in view of the medical evidence not showing any significant arthritic problems, nor significant deterioration in the physical condition of claimant nor progression of impairments, it is demonstrated the claimant's allegations of significant pain or side effects from medication are not credible in regard to the severity, duration, nor frequency of such symptoms.

With regard to Green's dizziness, however, the ALJ may have applied an incorrect standard. Green complained of frequent dizziness and blackout spells. The ALJ dismissed these complaints on the ground that they were not specifically reflected in the medical records. If complaints of dizziness are similar to complaints of pain, as they appear to be, dismissal of subjective symptomology on the basis of an *absence* of direct medical evidence is at odds with the Third Circuit standard, the new statute, and the Secretary's own regulations. *Smith v. Califano*, 637 F.2d at 972; Pub.L. 98–460, § 3(a)(1); 20 C.F.R. § 416.929 (1984). The new statute does not require objective medical proof of each and every element of pain; if such were the requirement, there would be no need for a separate section on evaluation of pain. The Disability Reform Act and its legislative history, as well as the Secretary's own regulations, recognize that pain must be considered, can be disabling in itself, and is often not subject to

strict objective medical proof. All that the statute requires is that "there must be medical signs and findings, established by medically acceptable techniques, which could reasonably be expected to produce the pain or other symptoms alleged." Pub.L. 98–460, § 3(a)(1). Thus while there must be objective medical evidence of some condition that could reasonably produce pain, there need not be objective evidence of the pain itself. Here, Green's objectively verified conditions, which included obesity, hypertension, angina, diabetes, and chest pains, could reasonably be said to produce dizziness and blackouts.

■ Out of an abundance of caution and a concern for fairness, we shall therefore remand this case on two grounds: First, it appears that the ALJ and Appeals Council failed to give appropriate weight to Green's subjective complaints of dizziness and blackouts, even though Green's medically-supported impairments "could reasonably be expected to produce the pain or other symptoms alleged." Pub.L. 98–460, § 3(a)(1). Second, *if* claimant did not present sufficient objective medical evidence supporting her complaints of dizziness, she may have failed to do so in reliance upon an understandable interpretation of prior Third Circuit case law. *See, e.g., Rodriguez v. Schweiker,* 523 F.Supp. at 1244. In any event, we hold that a remand is appropriate to enable the ALJ to reconsider Green's dizziness, and to enable claimant to support her complaints with further objective medical evidence, if she so chooses.

### III.

■ Appellant urges that the Secretary did not meet the burden of proof established by *Rossi v. Califano,* 602 F.2d 55, for overcoming a claimant's prima facie claim to benefits. Under the proper disability procedure, a claimant satisfies his or her burden by showing an inability to return to former work. The ALJ found that Green had met this burden. The burden then shifts to the Secretary to show that there is other employment the applicant is capable of performing. *Rossi,* 602 F.2d 55; *Dobrowolsky v. Califano,* 606 F.2d 403 (3d Cir.1979).

Green asserts that the Secretary failed to meet her burden, *i.e.,* that there is not substantial evidence to support the ALJ's finding that the claimant is capable of performing sedentary work. In this regard she relies on *Rossi,* which established that:

> [t]o overcome [claimant's prima facie case of disability] with medical witness testimony alone, the medical expert must at least be prepared to commit his professional opinion as to whether or not appellant is capable of working and as to what he can do. Anything less is not in our view "substantial evidence."

602 F.2d at 58. Here, Green argues, the ALJ had only one medical or professional opinion before him as to whether she could work: the statement of the treating physician, who said that the claimant could not work. The two government physicians said nothing specifically about jobs—neither that Green was capable of working nor what jobs she could perform. Their only testimony relevant to work capabilities consists of the checking off of boxes on a "physical capacities evaluation" form. These forms are used by the ALJ in determining the residual functional capacity of the claimant, a factor which is then in turn used to locate claimant on the "grids."

■ The Secretary responds by pointing out that this Court modified the "specific" jobs requirement of *Rossi* in *Santise v. Schweiker,* 676 F.2d 925 (3d Cir.1982). In *Santise,* we approved the use of the grids to determine work capabilities, at least where there are no significant non-exertional impairments. Certainly, the use of physical capacities evaluation forms, where accompanied by thorough written reports, to inform the application of the grids is consistent with *Santise.*[3]

---

**3.** Standing alone, however, a physical capacities evaluation form is not substantial evidence.

*See O'Leary v. Schweiker,* 710 F.2d 1334, 1341 (8th Cir.1983).

Claimant in this case, however, did allege non-exertional impairments, namely, chest pains and dizziness. The ALJ, relying on a report from the Girard Family Health Center, found that the chest pain was relieved with medication that was then being prescribed. Moreover, the ALJ found the complaints of dizziness not credible because they were nowhere reflected in the medical record. As noted above, however, it was improper to dismiss this subjective symptomology. *Smith v. Califano,* 637 F.2d at 972. Therefore, the ALJ erred in dismissing Green's complaints of non-exertional blackouts and dizziness, and erred in applying the grids where such non-exertional complaints were at issue.

## IV.

Accordingly, the judgment of the Appeals Council will be vacated and the matter remanded for action in conformity with this opinion.