Kenneth N. **CARNEY**, Plaintiff,

v.

Margaret **HECKLER**, Secretary of Health and Human Services, Defendant.

Civ. A. No. 83–3028.

United States District Court, W.D. Pennsylvania.

Jan. 31, 1985.

Alfred G. Yates, Jr., Pittsburgh, Pa., for plaintiff.

J. Alan Johnson, U.S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

TEITELBAUM, Chief Judge.

This is an action for judicial review of a final decision of the Secretary denying disability benefits.

Kenneth N. Carney applied for disability insurance benefits on September 8, 1982. He alleged he was unable to work because of low back problems, back and leg pain, tiredness, depression and nervousness, and arthritis in his shoulders and fingers. The application was denied initially and on reconsideration. The matter was considered *de novo* by an Administrative Law Judge who, by decision dated July 21, 1983, found Carney retained the residual functional capacity for medium work and therefore was not disabled under the Act. The Appeals Council denied Carney's request for review making the ALJ's decision the final decision of the Secretary.

Carney then commenced the present action under 42 U.S.C. § 405(g). Cross motions for summary judgment were filed. The case was originally assigned to the Honorable Edward Dumbauld and reassigned to this member of the Court the week of January 14, 1985.

The Social Security Act limits judicial review to a determination of whether the Secretary's factual determinations are supported by substantial evidence. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pe-*

*rales* at 401, 91 S.Ct. at 1427. It consists of more than a mere scintilla of evidence, *id.*, but may be less than a preponderance, *Ginsburg v. Richardson*, 436 F.2d 1146 (3d Cir.), *cert. denied*, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142, *reh. denied*, 403 U.S. 912, 91 S.Ct. 2213, 29 L.Ed.2d 690 (1971).

■ Under the Act the claimant has the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment, *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir.1980). The Secretary then must establish that the claimant has the ability to engage in some other substantial gainful employment. *Id.*

■ This case was decided under the medical-vocational regulations which require that the Secretary undertake a five step sequential evaluation of disability claims. *See Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). In performing this sequential evaluation the Secretary must consider, in turn, current work activity, the severity of the impairment, the ability to perform past work and vocational factors. 20 C.F.R. § 404.-1520.

Carney was born August 15, 1926 and has a high school education. He previously had back surgery in 1966 or 1967. Following this surgery he worked as a finisher in drywall construction. This work required carrying buckets of drywall cement weighing 65 pounds, climbing ladders, working on scaffolding, standing eight hours per day, and constantly bending and reaching. This was described as heavy unskilled work by the vocational expert. In September, 1980 Carney injured his back in a work-related fall. Carney last worked on April 4, 1981.

The Secretary found Carney had a severe back impairment and was unable to perform his past work, but retained the residual functional capacity to perform medium work. The finding that Carney could do medium work when considered with Carney's advanced age, high school education and history of unskilled work activity resulted in the conclusion that Carney was not disabled under the Act under Rule 203.-14, Table No. 3, Appendix 2. However, had the Secretary found that Carney could do only light, as opposed to medium, work, this finding when considered with Carney's age, education and work history would have resulted in the conclusion that Carney was disabled under the Act under Rule 202.04, Table No. 2, Appendix 2. Thus a precise determination of Carney's exertional capabilities is crucial to a proper resolution of his claim for benefits.

The applicable regulations define light and medium work. Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Even though the weight lifted my be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling arm or leg controls. 20 C.F.R. § 404.1567(b).

Medium work involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objects weighing up to twenty five pounds. If someone can do medium work, he can also do light work. 20 C.F.R. § 404.1567(c).

The medical evidence consists of the records of a hospitalization, reports from five physicians who examined Carney and a residual functional capacity assessment completed by a medical consultant who did not examine Carney.

The hospital records indicate Carney was hospitalized in September, 1981 for lumbar spondylosis and a lumbar laminectomy was performed.

Harold Thomas, D.O., reported that he saw Carney in January, 1982 at which time Carney had lumbar pain radiating to the right buttock and posterior aspect of the right leg.

Noor Hassan, M.D., Carney's surgeon, examined Carney in October, 1982 and reported Carney had some back pain but no significant pain radiation into the lower extremities. Dr. Hassan opined that Carney was not able to go back to his past

work, but should be able to do work which did not involve "lifting, pushing or pulling heavy weights."

Victor Nieto, M.D., a surgeon, examined Carney in November, 1982 and reported chronic low back pain. Dr. Nieto stated:

The patient complained of pain on pressure over the lumbo-sacral spine and there was moderate degree of spasm of the paraspinal muscles at the lumbo-sacral level. Sciatic notches were not painful. The sacro-iliac joints were not tender. The patient was asked to walk and his gait was found to be normal. He was able to walk on his toes without difficulty, but was unable to walk on his heels. Forward flexion of the lumbo-sacral spine was within normal limits and there was restriction of the lateral flexion to the right and left sides. He was able to stoop and kneel down with minimal degree of difficulty. The patient was asked to lay supine on the examining table and straight leg raising test was performed. This was negative in both right and left sides. The movements of the hip joints did not seem to cause much pain. Neurological examination shows deep tendon reflexes to be normal in both knees. The ankle jerks were bilaterally absent despite repeated stimulation. Pin prick stimulation did not reveal any area of abnormal sensation. Motor power in both lower extremities was normal. No evidence of atrophy was found in this patient. Examination of the cervical spine did not reveal any abnormalities and examination of the upper and lower extremities did not reveal any abnormalities in this patient's joints.

Kenneth K. Ung, M.D., examined Carney in March, 1983 and reported chronic low back pain. Dr. Ung found:

The shoulders, however, display bilateral muscle stiffness in the deltoid and trapezius areas. There is no local tenderness, however, and the patient has a lot of difficulty with abduction of both shoulders, however the right is worse than the left. The elbows have fairly

good range of motion bilaterally without swelling or tenderness. The hands and wrists have good range of motion and there is no swelling or erythema or tenderness. However, there are mild development of some Heberden's nodes in the distal interphalangeal joints bilaterally. There is no neurovascular deficits in the upper extremities. There is no atrophy of the musculature ... The lumbar spine displays an old surgical scar down the midline. There is fairly good range of motion. However, there was tenderness over the L5–S1 area with some mild spasm bilaterally in the lower paravertebral musculature. Straight leg raisings are negative. Knees and ankles are normal to range of motion and palpation, there is no swelling.

Ray E. Bullard, Jr., M.D., a psychiatrist, evaluated Carney in September, 1982 and diagnosed depressive neurosis with mild anxiety. The vocational expert testified that although severe depression would cause an inability to perform any work, Dr. Bullard's findings would not necessarily be functional limiting.

Asha Potnis, M.D., a medical consultant specializing in hematology and pediatrics, reviewed the medical evidence and concluded Carney retained the residual functional capacity for medium work.

The record contains a paucity of evidence concerning Carney's ability to do medium, as opposed to light, work. The hospital records and the reports submitted by Drs. Thomas, Nieto, Ung and Bullard do not address Carney's ability to do specific work activities. Dr. Hassan did state that Carney should be able to do work which did not involve lifting, pushing or pulling heavy weights. However, Dr. Hassan's use of the phrase "heavy weights" cannot reasonably be construed as meaning that Carney can do medium work as that term is defined in the regulations.

Only Dr. Potnis opined that Carney could do medium work as that term is defined in the regulations. As noted, Dr. Potnis is a consultant to the Social Security Administration and specializes in hematology and

pediatrics. Dr. Potnis did not examine Carney but instead reviewed the medical evidence and completed a residual functional capacity assessment.

The use of a medical consultant who has not examined the claimant is permitted, but the weight given a consultant's report must be determined by the circumstances of the particular case. *Smith v. Schweiker*, 671 F.2d 789, 791–792 (3d Cir. 1982). If a physical capacities evaluation form is completed by an examining doctor, but not accompanied by a thorough written report, the form is not substantial evidence. *Green v. Schweiker*, 749 F.2d 1066 at 1071 n. 3 (3d Cir. December 7, 1984). It follows that if a physical capacities evaluation form is completed by a medical consultant who has not examined the claimant, and is not accompanied by a thorough written report, the form also is not substantial evidence.

Here Dr. Potnis did not examine Carney and the residual functional capacity assessment is not accompanied by a thorough written report. Thus Dr. Potnis' assessment of Carney's residual functional capacity is not substantial evidence to support the Secretary's finding.

Because the Secretary's finding that Carney retained the residual functional capacity to do medium work is not supported by substantial evidence, the case must be remanded.

An appropriate order will be entered.