**Emma Jean KAELIN, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 85–1478.

United States District Court, W.D. Pennsylvania.

June 26, 1986.

---

Douglas Reed, Pittsburgh, Pa., for plaintiff.

J. Alan Johnson, U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff brought this action seeking review of the Secretary's denial of her application for disability insurance benefits. 42 U.S.C. § 405(g). She has satisfied all jurisdictional prerequisites prior to filing this suit. Pursuant to our order, both parties have moved for summary judgment.

Plaintiff is 56 years old. She has a seventh grade education. Her relevant work history consists of employment as a supervisor of assemblers of stereo cartridges and as a nurse's aide. She alleges that pain in her neck, hips, and chiefly her lower back, renders her disabled from holding a job.

The Administrative Law Judge found that plaintiff has the residual functional capacity to return to her past work as an assembler of stereo parts. In his view, the medical evidence established a case of severe herniated intervertebral disc and low back pain syndrome, but these impairments only restricted her from work involving heavy lifting or prolonged standing and walking. Record at 14. He found plaintiff's testimony about constant, severe pain not credible, considering it inconsistent with the objective evidence and with plaintiff's demeanor at the hearing. The ALJ's decision became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review. Record at 3.

We must affirm the Secretary if her decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is evidence adequate to support a conclusion in the reasonable person's mind. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). We do not find the necessary evidence and will reverse.

In the first instance, the ALJ's opinion does not show a balanced consideration of all the evidence. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir.1981). For example, the ALJ determined that plaintiff can perform all work activities except heavy lifting and prolonged standing and walking. Record at 14. This apparently assumes

she will spend most of her day sitting. Yet Dr. Peter Ridella, an orthopedic specialist and her treating physician, stated in October 1984 that "She is unable to sit more than a short period of time" because of severe back pain. Record at 187. Neurosurgeon Carroll Osgood also reported in April 1984 that plaintiff's symptoms worsen with sitting. Record at 162. The ALJ found no evidence that plaintiff takes the kind and quantity of medication associated with pain relief, record at 12, yet Dr. Ridella stated in October 1984 that a cause of plaintiff's depression "is most likely the dependency on the narcotic analgesia as she has been taking that for a considerable period of time." Record at 187. The ALJ recites that pain must be irremediable, among other things, to be considered disabling. Record at 12. The record plainly shows that plaintiff has undergone x-rays, CAT scans, a myleogram, and physical examinations in having her condition diagnosed; hospital admissions for traction, record at 151 and 168; extensive physical therapy while hospitalized and with two separate rehabilitation services over the course of seven months in 1984, record at 190–220; nerve blocks, record at 178; and chemonucleolysis, the injection of an enzyme into the spine to dissolve spinal tissue, record at 223, 137. Plaintiff obviously found no relief from these procedures. During the course of these treatments her doctors concurred. Dr. Ridella, record at 183; Dr. Wheeling, record at 143; Dr. Osgood, record at 162. We consider these strong indicators of an irremediable condition.

■ Finally, the ALJ rejects plaintiff's subjective complaints of pain because, among other reasons, "There is no atrophy, leg lengths are equal and back.... Motor power is normal, sensation is intact and reflexes are normal." Record at 12. It does not seem unusual that these specific conditions could be present *and* that the person suffers severe pain from a ruptured disc. In a similar vein the ALJ notes the absence of weight loss, "which often is associated with individuals experiencing constant, severe and intractable pain."

Record at 12. On the other hand, simply because plaintiff does not suffer the degree of pain associated with weight loss does not mean that her pain is not disabling. The point is that the ALJ has held plaintiff to standards which, though they may not have been met, are not necessarily the standards required for a finding of disability.

■ While plaintiff complains of impairments to her neck, hips, and lower back, a review of the record shows that the question of her disability turns simply on a determination of the extent of her pain. The statutory standard by which we view allegations of disabling pain is set forth at 42 U.S.C. § 423(d)(5)(A):

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

The record contains a substantial amount of objective evidence supporting plaintiff's complaints. Indeed, it would seem inconsistent for the ALJ to find in one para-

graph that the medical evidence establishes the presence of a severe herniated intervertebral disc and chronic low back pain syndrome, and in the next to find plaintiff's testimony about constant and severe pain not credible because it "is inconsistent with the objective and clinical findings" and plaintiff's demeanor at the hearing. Record at 13–14. Plaintiff was hospitalized for low back pain treatment four times from April to October 1983. Her treating physician is an orthopedic specialist; she also has been examined by two other orthopedic specialists (Drs. Wheeling and Casale) and a neurosurgeon (Dr. Osgood). Interpretations of her spinal x-rays and CAT scan unquestionably reveal abnormalities in her spine. Record at 143, 183, 188, 189. We find that these objectively verified conditions could reasonably be said to produce her complaints of pain. *Green v. Schweiker*, 749 F.2d 1066, 1071 (3d Cir.1984).

We may direct the award of benefits when the administrative record is complete and substantial evidence shows that plaintiff is disabled and entitled to benefits. *Podedworny v. Harris*, 745 F.2d 210 (3d Cir.1984). We are satisfied that both these conditions have been met and will order appropriate relief.