Henry Leone, Erie, Pa., for plaintiff.

Judith Fitzpatrick, Pittsburgh, Pa., for defendant.

**Cecelia P. HAYES**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES.**

**Civ. A. 86–131 Erie.**

United States District Court, W.D. Pennsylvania.

Jan. 15, 1987.

## OPINION

GERALD J. WEBER, District Judge.

In this Social Security appeal, plaintiff claims that the final decision of the Secretary denying her supplemental security income benefits was not based on substantial evidence.

Plaintiff was 30 years old at the time of the administrative hearing before the Administrative Law Judge (ALJ). She had an eleventh grade education and a brief history of part time work as a waitress, barmaid, and elevator operator. Plaintiff has not worked since 1979 and lives with her four children ages 2 to 13. Their only source of income is welfare.

Plaintiff applied for supplemental security income on November 20, 1984. Plaintiff's application was denied initially and on reconsideration. Plaintiff's claims was reviewed *de novo* at a hearing before an ALJ, and in a decision dated January 22, 1986, the ALJ found that the plaintiff was not eligible for benefits. On April 17, 1986, the ALJ's decision became the final decision of the Secretary, and it is this decision from which plaintiff appeals. We have before us cross-motions for summary judgment which have been fully briefed.

Plaintiff has established by medical evidence that she has severe bladder and musculoskeletal impairments which preclude her from performing her past relevant work as an elevator operator. Dr. Russell Roth diagnosed her as having chronic cystitis with recurrent acute flareups which have been treatment resistent. This diag-

nosis was confirmed by a bladder biopsy. Plaintiff's symptoms included suprapubic pain in the urethral area and the need to urinate every 15 to 30 minutes during the daytime, as well as waking to urinate at least eight to ten times at night. Dr. Roth reported that activity aggravates plaintiff's symptoms and he regarded her as essentially unemployable. He recommended against overexertion, stating that management of plaintiff's condition had been frustrating. Dr. Roth has prescribed pain and other necessary medication. Plaintiff has also been found to be distinctly anemic and medical management has been recommended. Plaintiff is on medication for hypertension. Moreover, she has been diagnosed to have carpal tunnel syndrome in the right hand which causes numbness, weakness, and impairment of touch and pin prick sensation. An anti-depressant was prescribed for premenstrual syndrome.

The Secretary found that these ailments precluded plaintiff from resuming her past relevant work but did not stop her from performing a sedentary occupation which did not require fine manipulations. The issue on this appeal is whether there is substantial evidence for these findings. We conclude that there is not, and that the Secretary's decision must be reversed.

The burden of proving a disability is on the plaintiff, 42 U.S.C. § 423(d)(5); *Gilliland v. Heckler*, 786 F.2d 178, 182 (3d Cir.1986). If the plaintiff makes the requisite showing that she is precluded by a severe impairment, which is demonstrated by medical evidence, from engaging in her past relevant work, the burden then shifts to the Secretary to show that the plaintiff can do other work. *Green v. Schweiker*, 749 F.2d 1066 (3d Cir.1984). The Secretary has not carried this burden. In reaching his decision, the secretary assumes that plaintiff is able to do sedentary work by discounting plaintiff's testimony as to her daily activities and her pain. This testimony is supported by the medical evidence. Moreover, plaintiff's treating physician has stated that based on medical factors, she is unemployable. We place great trust in the opinion of the eminent Dr. Russell Roth, a

nationally known expert in his field. Without specific evidence to support his findings, the Secretary may not, under these facts, disregard the testimony and medical opinion before him. *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir.1980); *Ferguson v. Schweiker*, 765 F.2d 31 (3d Cir.1985).

An appropriate order will follow.

### ORDER

NOW, this 15th day of January, 1987, in accordance with the accompanying opinion, IT IS ORDERED that the plaintiff's motion for summary judgment is GRANTED. The Secretary's motion is DENIED, and the decision of the Secretary is reversed. The plaintiff is found to be disabled as of her application date on November 20, 1984 and the Secretary is directed to pay plaintiff supplemental security income benefits to which she is entitled.