Carmella **TIRONE**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES.**

**Civ. A. No. 87–2616.**

United States District Court,
D. New Jersey.

June 15, 1988.

Carmella Tirone, Jersey City, N.J., pro se.

Stephanie A. Ebers, Sp. Asst. U.S. Atty., U.S. Dept. of Justice, Newark, N.J., for Secretary of Health and Human Services.

## OPINION

WOLIN, District Judge.

Plaintiff, Carmella Tirone, brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g) to review a final determination of the Secretary of the Department of Health and Human Services which established that plaintiff became disabled under the statute, and thus entitled to benefits, as of August 8, 1985. Plaintiff contends that the Secretary's determination was erroneous, and that she became disabled under the statute as of September 15, 1982. The Court finds that there is substantial evidence in support of the Secretary's decision, and thus affirms, as it is constrained to do, the decision.

## PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits on February 11, 1985. The application was denied initially and upon reconsideration; subsequently the plaintiff requested a hearing to review the decision. Hearings were held on August 21, 1985 and January 8, 1986 before an Administrative Law Judge ("ALJ") who considered the case *de novo*. On July 21, 1986, the ALJ found that the plaintiff had satisfactorily shown that she had been disabled as of August 5, 1985. The decision of the Administrative Law Judge became the final decision of the Secretary when it was approved by the Appeals Council on April 21, 1987.

■ In addition to the question of the proper onset date, plaintiff, in her brief, raised issues relating to the proper level of disability payments that she is entitled to receive upon being adjudged disabled. As defendant has properly pointed out in its brief in opposition, plaintiff has failed to exhaust her administrative remedies with respect to this matter. In a conference between the two parties conducted by this Court in an attempt to facilitate settlement, the Court tentatively acknowledged, and now affirmatively holds, that the plaintiff has failed to exhaust her administrative remedies. Prior to exhaustion of the agency's appeals process, the Court is precluded from reviewing any agency determination. 42 U.S.C. § 405(g); *Heckler v. Day*, 467 U.S. 104, 107, 104 S.Ct. 2249, 2251, 81 L.Ed.2d 88 (1984). The Court is therefore unable to address plaintiff's claims with respect to the proper level of disability payments. However, plaintiff may, and was encouraged at conference, to pursue her claim through the appropriate administrative channels.

The only issue, then, that is properly before the Court is the propriety of the ALJ's determination as to the onset date of plaintiff's disability. Plaintiff asserts that substantial evidence exists in the record to support a finding that she became disabled as of September 15, 1982, rather than August 5, 1985. Conversely, defendant moves for a judgment on the pleadings affirming the Secretary's finding that plaintiff met the burden of proving her disability only as of August 5, 1985.

## DISCUSSION

Plaintiff claims, and the ALJ found, that plaintiff suffers from a back impairment. Plaintiff suffered the initial injury to her back, as a result of a domestic altercation in August of 1978. She received medical treatment at that time. Plaintiff claims that her condition deteriorated to the point that, in September of 1982, she was unable to engage in substantial gainful activity. During the time period of 1978–1985, plaintiff received sporadic medical care for her back. The failure to pursue comprehensive medical treatment resulted from plaintiff's lack of financial means. The lack of treatment resulted in an absence of any clinical data upon which the ALJ could base a finding of disability prior to August of 1985.

Under the Social Security Act, for both Social Security Benefits under Title II and Supplemental Security Income under Title XVI, the claimant (plaintiff herein) must demonstrate:

"An impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(C).

■ The burden to make such a showing remains on the claimant at all times. *Daring v. Heckler*, 727 F.2d 64, 68 (3d Cir. 1984). Here, then, the question becomes at what date was there sufficient objective evidence in existence so that the ALJ might determine that plaintiff suffered from a medical impairment. As already noted, the ALJ found that there existed sufficient evidence as of August 5, 1985.

The findings of the Secretary as to any facts are conclusive if supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). Substantial evidence is defined as more than a mere "scintilla," that which a reasonable mind might accept as adequate to support a conclusion. *Id.* Inferences and conclusions which are drawn from the basic facts are also afforded the conclusive effect of the substantial evidence rule. *Franklin v. Heckler*, 598 F.Supp. 784, 789 (D.N.J.1984). Thus, if the Secretary's determination of the onset of plaintiff's disability is reasonable, the Court is precluded from challenging it.

In the case at hand, the ALJ found that the plaintiff's condition failed to meet the objective standards of presumptive disability, as set out in 20 CFR Part 404, Subpart P. App. 1 (1985). However, the ALJ's review of plaintiff's vocational abilities in light of the recognized medical impairment was sufficient to qualify plaintiff as disabled under the Act. 20 CFR § 404.1520(f). Whether plaintiff was deemed disabled presumptively, 20 CFR § 404.1520(d), or in light of plaintiff's reduced vocational abilities. 20 CFR § 404.1520(f), the plaintiff's challenge to the Secretary's determination of the proper onset date, must be directed at the availability of objective evidence sufficient to establish a medical impairment.

The ALJ established that plaintiff became disabled under the statute as of August 5, 1985. The basis for that decision was an orthopedic examination by Dr. Ricciardelli conducted on that date. The doctor concluded that plaintiff was most likely suffering from "recurrent lumbar radiculopathy, probably on the basis of a herniated disc syndrome". *See* Letter of Dr. Ricciardelli, August 7, 1985. Subsequent medical tests, a CAT scan and an electromyography confirmed Dr. Ricciardelli's diagnosis. The ALJ, though acknowledging the "claim-

**148**

ant's subjective complaints of pain," rejected an onset date prior to August 5, 1985 as a result of the lack of any objective findings to support an earlier date. Subjective symptomology such as pain can support a finding of disability. However, such subjective complaints of pain, without more, do not in themselves constitute disability. *Green v. Schweiker*, 749 F.2d 1066 (3d Cir. 1984). Thus, no matter how authentic plaintiff's claim of pain, the Administrative Law Judge was precluded, without more, from holding that plaintiff was disabled under the law.

Although medical examinations by Dr. Francis in December of 1982 and Dr. Critides in March of 1983 did reveal a back injury, and as plaintiff's treating physicians their opinions are deserving of substantial weight, *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir.1981) *reh. denied* 650 F.2d 481 (1981), there was no clinical evidence to support such a finding. Neither Dr. Francis nor Dr. Critides' physical examination revealed *significant* loss of motion, or motor loss relating to plaintiff's spine. The regulations promulgated by the Secretary, 20 CFR Part 404, Subpart P. App. 1 (1985), require a finding of both to presumptively establish disability. Although disability may be established in the absence of objective evidence, *Rossi v. Califano*, 602 F.2d 55, 58 (3d Cir.1979), here the absence of any objective clinical data prevented the Secretary from establishing an onset date prior to August 5, 1985. (As Dr Critides noted in the writeup of his exam of plaintiff, the meager findings of the examination prevented him from rendering a diagnosis more specific than that of chronic back sciatica.)

### CONCLUSION

As previously stated, the findings of the Secretary are conclusive if supported by substantial evidence. Substantial evidence is defined as that amount which a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). The

Court, cognizant of the ALJ's opportunity to listen and observe the plaintiff at the hearing, and mindful of its limited scope of review, accepts the ALJ's determination as one that a reasonable mind might accept as adequate.

Accordingly, this court finds that the Secretary's determination that there was insufficient objective data prior to August 5, 1985 to establish an onset date is supported by substantial evidence. That being the case, the Court is compelled to affirm the Secretary's decision.