872 F.2d 1028
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elbert W. POWELL, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee
 No. 88-1393.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this social security case, claimant Elbert W. Powell appeals the denial of benefits which he asserts are due to him because he is totally disabled by back pain. His claim has been rejected by an ALJ and by the Appeals Council. Powell filed suit in the District Court for the Eastern Division of Michigan, and that court, adopting the report of a magistrate, granted summary judgment to the Secretary. On a review of the record in this case, we conclude that the District Court's decision dismissing Powell's claim must be affirmed.
 
 
 2
 At the time of his hearing before the ALJ, Powell was 35 years old. He had worked as a spot-welder, an inspector and a dishwasher until his back pain forced him to leave his last job. He has not worked since May 1985. He has had two operations on his back in order to remedy pain in his back and legs, but the pain has continued. He filed his claim for disability insurance benefits on March 19, 1986, claiming entitlements under 42 U.S.C. SS 416(i) and 423.
 
 
 3
 In reviewing this claim, we are bound to a very narrow scope of review. The question before us is whether the Secretary's decision, as reflected in the decision of the ALJ and the Appeals Council, is supported by substantial record evidence. 42 U.S.C. S 405(g); Mullen v. Secretary of Health and Human Services, 800 F.2d 535 (6th Cir.1986). If the answer to that question is "Yes," we may not even inquire whether the record could support a decision the other way. Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n. 4 (6th Cir.1986). Substantial evidence has been defined as evidence that a reasonable mind might accept as adequate to support the challenged conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 4
 Powell challenges several essential steps of the ALJ's decisionmaking. He asserts that:
 
 
 5
 1. The ALJ improperly rejected the opinion of Powell's treating physician, Dr. Michael J. Fogle, that Powell is totally disabled;
 
 
 6
 2. The ALJ improperly found that Powell's testimony about the intensity of his pain was not credible;
 
 
 7
 3. The ALJ improperly concluded that Powell, though severely impaired, could do sedentary work; and
 
 
 8
 4. The ALJ improperly concluded the national economy offered a significant number of jobs which Powell could perform.
 
 
 9
 Applying the standard of review set out for us in the cases just cited, we must conclude that the ALJ made no error in any of these decisions.
 
 
 10
 First, in determining that Powell had not presented medical evidence sufficient to support a finding of total disability, the ALJ reasonably concluded that Dr. Fogle's opinion that Powell was "disabled from any type of employment," Tr. 145, did not compel a contrary decision. Though the opinion of a treating physician is to be given great weight, it may be rejected when it is not supported, in turn, by objective medical evidence. Landslaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir.1986); Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985). This proviso is particularly important where, as here, the disabling illness is pain. Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 538 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). As the District Court noted, Dr. Fogle's own recorded observations do not suggest that Powell is totally disabled. And no other physician even suggests that Powell is totally disabled. We reject Powell's contention on appeal that Dr. Beale's finding that Powell is "disabled for a period of two weeks," Tr. 131, supports a finding of total disability. We further reject Powell's argument that Dr. Jackson's conclusion that Powell had various impairments supports a conclusion that Powell is totally disabled, in light of Dr. Jackson's explicit simultaneous findings that Powell retained many crucial abilities--e.g., the ability occasionally to lift or carry weights of ten pounds; the ability to stand or walk for a total of six hours a day. Tr. 86-87.
 
 
 11
 Second, we see no reason to disturb the ALJ's conclusion that Powell's testimony as to the severity of his pain was not entirely credible. This conclusion was made on the basis of a painstaking analysis of the actual testimony. ALJ Decision at 7. Further, we are to defer to the factfinder in his or her evaluation of a witness's demeanor and conclusions as to credibility on that basis. Kirk, 667 F.2d at 538. And finally, even if the claimant's testimony as to pain is accepted, it must meet the standard set in Duncan v. Secretary of Health and Human Services, 801 F2d. 847 (6th Cir.1986):
 
 
 12
 [T]here must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. The standard does not require, however, 'objective evidence of the pain itself.'
 
 
 13
 Duncan, 801 F.2d at 853 (cites omitted; emphasis added) (quoting Green v. Schweicker, 749 F.2d 1066, 1069 (3d Cir.1984)). Though Powell has adduced ample evidence of an underlying medical condition, he has met neither of the additional, alternate requirements. As to the key testimony--Powell's claims that he must lie down often during the day and that he suffers spasms on intervals of less than an hour--there is no record evidence supporting the severity of the pain testified to, and no indication that the objectively determined medical condition is reasonably expected to produce such pain. We reject as beyond the scope of our review Powell's arguments that we should attend to record evidence supporting his credibility.
 
 
 14
 Third, we do not detect any error in the ALJ's conclusion that Powell was able to do sedentary work. Once again, this conclusion is deduced from a detailed review of the record evidence. ALJ Decision at 7. Indeed, the ALJ was careful to read the evidence to provide the most conservative recommendation it would support as to the work Powell could perform. We conclude that ample evidence exists to support this determination by the ALJ.
 
 
 15
 And fourth, the ALJ quite properly concluded that the Secretary had proven that the national economy offered a significant number of jobs which Powell could perform. Once the claimant shows that he or she cannot return to his or her former job, the burden shifts to the Secretary to show that other appropriate jobs exist in the national economy. Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980). In this case, the Secretary presented the testimony of a vocational expert who testified that southeast Michigan had 2,500 jobs appropriate for a person who was limited to sedentary work with a sit/stand option. Tr. 49. It is irrelevant that the expert testified that there were no jobs for a person who could do sedentary work but must lie down intermittently, because the ALJ rejected as incredible Powell's testimony that his pain was so severe that he had to lie down now and again. Furthermore, it is irrelevant that the expert testified that there were no jobs for a person unable to sit for more than fifteen or twenty minutes and unable to concentrate for more than half of a day, as Powell was never found to be that severely impaired by his pain. We conclude that the ALJ had ample relevant evidence to support his conclusion on this final point in his analysis.
 
 
 16
 For the forgoing reasons, we affirm the judgment below.