66 F.3d 325
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hurshel FLEMING, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-5594.
 United States Court of Appeals, Sixth Circuit.
 Sept. 11, 1995.
 
 Before: MERRITT, Chief Judge; LIVELY and KEITH, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 The plaintiff appeals the denial of disability benefits by the Secretary. He claims that he should be entitled to receive benefits because he suffers from "disabling pain." The sole issue in this appeal is whether the plaintiff's pain makes him "equivalently disabled" under 20 CFR Sec. 404.1529. The administrative law judge (ALJ) rejected this contention and the district court affirmed the ALJ's determination. We now reverse and hold that the ALJ's decision was not supported by substantial evidence.
 
 
 2
 The plaintiff is a 52 year-old male who worked for over thirty years in mining, primarily as a continuous miner. He has six years of education. On April 9, 1991 the plaintiff claims he fell and hurt his back, and as a consequence has been in constant pain ever since. He claims he has sharp pains running down his legs to his feet. He states that he has problems sitting for over thirty minutes, can only stand for about twenty minutes, gets only two hours of sleep a night, and can do no more than spend his days lying on a couch watching television. It is not disputed that the plaintiff suffers from disc herniation at the L4-L5 level and has a partial sacralization of L5.
 
 
 3
 The only doctor to examine the plaintiff was his personal physician of over five years, Dr. William Johnson. Dr. Johnson confirmed all of the plaintiff's claims regarding the daily limitations in movement and activity his pain caused. He further testified that the pain was sufficiently severe to prevent the plaintiff from even getting out of bed in the morning, let alone performing a full-time job. J.A. 157. We infer that if the plaintiff cannot get out of bed without difficulty, he is also incapable of performing a part-time job because of his pain.
 
 
 4
 The ALJ rejected Dr. Johnson's evaluation because it was not accompanied by "sufficient clinical detail," J.A. 11, but all agree that there is a MRI scan showing a disc herniation that could cause significant pain. There is a clinical basis for Dr. Johnson's findings. Instead of crediting Dr. Johnson and the clinical evidence, the ALJ relied on the opinion of two doctors who never examined the plaintiff. These two physicians claim that the plaintiff can perform light level work.
 
 
 5
 We review the ALJ's determination to determine whether there is "substantial evidence" in the record to support his determination. Duncan v. Secretary of Health & Human Services, 801 F.2d 847, 851 (6th Cir.1986). We have previously enunciated a two-part standard for evaluating whether a claimant suffers from disabling pain:
 
 
 6
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, then we examine (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 7
 Id. at 853 (interpreting 20 C.F.R. Sec. 404.1529). This test "does not require ... 'objective evidence of the pain itself.' " Id. (quoting Green v. Schweiker, 749 F.2d 1066, 1077 (3d Cir.1984). See also Felisky v. Bowen, 35 F.3d 1027, 1038-39 (6th Cir.1994). Furthermore, we have held that the testimony of a non-examining physician is entitled to less weight than that of a physician who has examined a claimant over time. Sherill v. Secretary of Health & Human Services, 757 F.2d 803, 805 (6th Cir.1985).
 
 
 8
 Thus, in this case, the ALJ should as a matter of law have given more weight to the testimony of the examining physician, Dr. Johnson. He should not have chosen to discount Dr. Johnson's evaluation of the plaintiff's pain and whether that pain disabled him because two non-examining physicians came to a different conclusion. Upon reviewing the testimony of all the witnesses, we conclude that the ALJ's determination that the plaintiff does not suffer from disabling pain that makes him unable to work is not supported by substantial evidence. In addition, Dr. Johnson's testimony, unrebutted by another examining physician, is sufficient to award the plaintiff the disability benefits he seeks. Accordingly, the judgments of the ALJ and the district court are REVERSED and benefits are ordered awarded to the plaintiff.