**Dominick SINATRA, Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY.**

No. 02–3503.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on June 16, 2003.

Decided Sept. 18, 2003.

OPINION

ROTH, Circuit Judge.

Dominick Sinatra has appealed the July 9, 2002, judgment of the District Court in favor of the Commissioner of Social Security. The Commissioner had affirmed the denial of disability benefits by the Administrative Law Judge (ALJ). The District Court reviewed the case and found that substantial evidence supported the decision of the Commissioner. Sinatra then appealed to us. Sinatra contends on appeal that the decision of the ALJ is not supported by substantial evidence and that the ALJ erred in finding his cardiovascular impairment "not severe."

Sinatra injured his right arm and shoulder in an automobile accident on February 25, 1994, and as a result he was unable to continue work as a construction worker. In preparing him for surgery to repair the shoulder, his physician uncovered an aortic murmur but cleared Sinatra for surgery. After surgery, Sinatra's physician released him to return to work with no restrictions on March 13, 1995.

Sinatra applied for Disability Insurance Benefits on November 23, 1994. After having his application for Disability Insurance Benefits rejected initially and upon reconsideration, Sinatra requested a hearing before an ALJ. The ALJ granted Sinatra Disability Insurance Benefits from February 15, 1994, through April 28, 1995. His benefits ended on April 28 because the ALJ determined that Sinatra had regained the capacity to perform medium work.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is whether the District Court properly found that the Commissioner's decision was based on substantial evidence. *Plummer v. Apfel,* 186 F.3d 422, 427 (3d Cir.1999).

Before ALITO, ROTH, and HALL,* Circuit Judges.

* The Hon. Cynthia H. Hall, Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

"The findings of the Commissioner ... as to any fact, if supported by substantial evidence, shall be conclusive". 42 U.S.C. § 405(g). In this context substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate". *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol, Edison v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Thus, if the Commissioner's decision is supported by substantial evidence the decision must be upheld. We are not empowered to weigh evidence in order to reach a new conclusion. *Williams v. Sullivan,* 970 F.2d 1178, 1182 (3d Cir.1992).

The ALJ must set forth what evidence was considered as supporting the final conclusion, and what evidence was rejected. *See Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir.1981). Without a statement of what factual evidence lies behind the decision and what factual evidence was rejected, a reviewing court cannot determine if the decision is based on substantial evidence.

■ In the present case, we find that substantial evidence supports the decision of the ALJ and that the ALJ discussed the evidence in accordance with the *"Cotter* doctrine." Moreover, Sinatra did not mention his cardiovascular condition when applying for disability benefits. He has never seen a cardiologist nor has he been treated for a cardiac condition. His possible cardiac problem was found in preparation for an operation and Sinatra was "cleared from a cardiovascular standpoint" The Commissioner had no evidence of a severe cardiovascular impairment and was justified in finding Sinatra's condition not severe.

■ Sinatra also claims that the ALJ did not detail his precise residual functional capacity or entertain his subjective claims of pain. Sinatra, however, did not testify that he had serious pain. The ALJ acknowledged that Sinatra testified that he had some pain in his left arm but found that no medical record containing any complaints regarding the left arm. With no medical record documenting this pain, the ALJ properly gave the testimony little weight. Additionally, there must be "objective evidence of some condition that could reasonably produce pain". *Green v. Schweiker,* 749 F.2d 1066, 1071 (3d Cir. 1984). The ALJ reasonably found no objective evidence of such a condition.

■ Finally Sinatra argues that the ALJ misused the testimony of the vocational expert who had testified concerning Sinatra's ability to do light work. In view of the opinions of multiple doctors clearing Sinatra to medium work as of March 1995, the ALJ did not need to rely on the testimony provided by this vocational expert.

For the foregoing reasons, we will affirm the judgment of the District Court.