

Opinions of the United
States Court of Appeals
for the Third Circuit

11-3-2003

# Fearbry v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1774

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Fearbry v. Comm Social Security" (2003). *2003 Decisions.* Paper 148.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/148

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-1774
_____

WALTER W. FEARBRY, II

*Appellant*

v.

*JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

*(Pursuant to Rule 43 (c) F.R.A.P.)

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C.  No. 01-cv-0006)
District Judge: Honorable Maurice B. Cohill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
October 24, 2003

Before: ALITO, FUENTES and BECKER, *Circuit Judges.*

(Filed November 3, 2003)

_____

OPINION
_____

BECKER, *Circuit Judge.*

Plaintiff Walter W. Fearbry, II appeals from the grant of summary judgment in

favor of the Commissioner of Social Security affirming her decision (which affirmed the decision of the Administrative Law Judge ("ALJ")) denying Fearbry's claim for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.  The Commissioner decided that Fearbry had the residual functional capacity to perform a limited range of unskilled sedentary work with a sit/stand option, including the representative jobs identified by the vocational expert: parking lot or amusement ticket taker, self-service gas station cashier, and security monitor attendant. Because we believe that this decision is supported by substantial evidence, we affirm.

Fearbry's claim essentially has two components.  The first is orthopedic/neurological, relative to chronic back problems.  There is no doubt that Fearbry has had serious back problems, alleviated though not cured by disc surgery, and that he cannot perform more than sedentary work.  However, substantial evidence supports the conclusion of the ALJ that Fearbry could perform sedentary work.  We refer primarily to an impressive (and intensive – 5 3/4 hour) vocational evaluation, supported by testing, done by John Musgrave of the Vocational Therapy Department of the Veteran's Administration facility in Pittsburgh.  We also rely upon the medical records showing Fearbry's work capacity, not only those of Dr. Tarter and Dr. Milke, but also those of his treating physician Dr. Vicki March.

Dr. March's opinion that Fearbry could not maintain sedentary work because he was in too much pain was not supported by her physical findings.   In contrast, the actual

testing of Fearbry's capability showed that he could do sedentary work, as Mr. Musgrave concluded. Moreover, under Section 3 of the Social Security Disability Insurance Benefits Reform Act a claimant's allegations of pain or other symptoms are not conclusive evidence of disability; rather the claimant must have a medically determinable and documented impairment that could reasonably be expected to produce the pain or other symptoms alleged. 42 U.S.C. § 423(d)(5)(A). In accordance therewith the Commissioner must evaluate pain and other subjective complaints on the basis of medical signs and findings that could reasonably be expected to produce the subjective symptoms alleged. 20 C.F.R. § 416.929; *Green v. Schweiker*, 749 F.2d 1066, 1071 (3d Cir. 1984). While a claimant's subjective symptomatology must be considered and can support a finding of disability, the claimant's subjective complaints, without more, do not in themselves constitute disability. 20 C.F.R. § 416.912; *Green*, 749 F.2d at 1071.

Fearbry's contention that he cannot perform sedentary work is arguably supported by his psychiatric problem – depression, for which he takes medication which he claims causes him to fall asleep so that he could not do sedentary work. However, the medical records show that the depression improved, with the use of Zoloft. The ALJ rejected Fearbry's testimony, finding him not credible because he had not made any such complaint to his treating physicians. This is an adequate ground for decision.

We have considered Fearbry's other contentions, including that the ALJ did not consider the relevant medical reports, but find them lacking in merit. Since our review of

3

the evidence shows that there was substantial evidence to support the determination that Fearbry can perform sedentary work with non-exertional limitations, the judgment of the District Court will be affirmed.

TO THE CLERK:

Please file the foregoing opinion.

    /s/ Edward R. Becker    
Circuit Judge
