47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Everett JOHNSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-2389.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1995.
 
 Before: MILBURN and SUHRHEINRICH, Circuit Judges; LAY, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Everett Johnson appeals from the district court order affirming the determination of the Secretary of Health and Human Services ("Secretary") that he was not disabled and therefore not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. Secs. 416(i), 423. For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 Everett Johnson was born October 13, 1943. He completed the tenth grade and received his GED while in the army. Plaintiff worked as a truck driver for a cement company from 1971 until 1989. He worked as a gas station attendant for six weeks in the summer of 1990, where he operated the cash register, pumped gas and serviced cars. He suffered from fluid retention and fatigue; and, upon his doctor's advice, he quit. Plaintiff filed for benefits in March 1990, alleging that he was disabled and unable to work as of January 12, 1990, due to high blood pressure; and kidney, heart, and liver problems. Plaintiff's medical history is well-summarized in the opinions of the administrative law judge and the magistrate judge and will not be repeated here.
 
 
 3
 The administrative law judge's (ALJ) decided that claimant had renal insufficiency secondary to substance abuse, but that he did not have an impairment which met or equalled the listings, and that he was not disabled because he could perform his past relevant work as a gas station attendant/cashier. The Appeals Council denied review, and the ALJ's decision became the final decision of the Secretary. Plaintiff filed suit in federal court. The magistrate judge recommended that judgment be entered in favor of the Secretary because substantial evidence supported the ALJ's conclusion that claimant's hypertension, cardiomyopathy, and diabetes were under control through medication; claimant had not recently reported any severe symptoms of renal insufficiency; and plaintiff had credibility problems. The district court agreed, emphasizing that the magistrate correctly noted that the ALJ was free to discredit the opinion of plaintiff's treating physician because it was not supported by objective medical evidence and that the ALJ had sufficient basis for concluding that plaintiff's testimony was not totally credible. This appeal followed.
 
 II.
 
 4
 This court's review of the Secretary's denial of Johnson's claim is strictly limited by 42 U.S.C. Sec. 405(g). Where the record as a whole contains substantial evidence to support the Secretary's determinations, the Secretary's decision must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. In determining disability, the Secretary employs the familiar five-step sequential analysis. See 20 C.F.R. Sec. 404.1520 (1994). In this case we are concerned with steps four and five.
 
 
 5
 Plaintiff challenges that the Secretary's findings that his subjective complaints of pain were not supported by the objective medical evidence and were not credible. In evaluating subjective complaints of disabling pain, this court looks to see whether there is objective medical evidence of an underlying medical condition, and, if so, then
 
 
 6
 1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or,
 
 
 7
 2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 8
 Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986). See also Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994) (noting that the Duncan standard is a "more succinct form" of the basic standard for evaluating subjective complaints of pain found in SSA regulations 20 C.F.R. Sec. 404.1529). This standard "does not require, however, 'objective evidence of the pain itself."' Duncan, 801 F.2d at 853 (quoting Green v. Schweicker, 749 F.2d 1066, 1071 (3d Cir. 1984)).
 
 
 9
 Plaintiff's objective medical evidence of a heart condition consists of records from several hospital visits in 1990. However, echocardiograms administered in January and March 1990 were normal. (Tr. 192, 241.) Chest x-rays in May and August 1990 were negative as well. (Tr. 304, 336.) Plaintiff did experience renal insufficiency secondary to substance abuse; however, the record also reflects signs of improvement (Tr. 229, 306); and in 1991, his treating physician, Dr. Grose, stated that his renal insufficiency (as well as his hypertension, diabetes, and cardiomyopathy) was under control. (Tr. 309.) Johnson's blood pressure readings, as a whole, reveal normal ranges, and therefore refute hypertension. (Tr. 166 (diagnosis of hypertension); Tr. 265, 296, blood pressures readings within normal ranges); Tr. 298 (no end organ damage indicative of hypertension).) As Johnson acknowledges, Dr. Grose's diagnosis of disabling knee and back pain is nowhere supported by clinical evidence of osteoarthritis. We are not persuaded by his argument that medication which controls a medical condition has no affect on the disability determination. See Hardaway v. Secretary of Health & Human Servs., 823 F.2d 922, 927 (6th Cir. 1987) (noting that plaintiff's respiratory problems could be effectively controlled with use of drugs) (per curiam). Although Dr. Grose's opinion as treating physician is entitled to considerable deference, it must be supported by objective medical evidence. Sizemore v. Secretary of Health & Human Servs., 865 F.2d 709, 711-12 (6th Cir. 1988) (per curiam). Finally, Dr. Grose's opinion regarding claimant's mental state suffers from the same ill (Tr. 307); and, contrarily, Dr. Salem concluded that claimant had no significant mental or emotional problem. (Tr. 301.) In sum, plaintiff has failed to meet the Duncan standards.
 
 
 10
 Johnson's complaints of pain are undercut by the fact that he failed to document continuous medical attention allegedly received after 1990. Blacha v. Secretary of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) (per curiam). As to plaintiff's challenge to the administrative law judge's conclusion that he was not a credible witness, we note that the judge identified inconsistent testimony. (See Decision, Tr. 18), and properly considered plaintiff's daily activities. (Tr. 6.) That credibility determination is entitled to considerable deference. Hardaway, 823 F.2d at 928.
 
 
 11
 Finally, substantial evidence supports the Secretary's finding that he could perform past relevant work. The vocational expert confirmed that a significant number of truck driving jobs are performed at the light level, and that Johnson was also capable of performing jobs as a sedentary cashier, light cashier, light truck driver/hi-lo operator, or unskilled industrial manufacturing worker, and that a significant number of positions in each classification are available in the metropolitan Detroit area. See Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988) (claimant is not disabled merely because of need to alternate between sitting, standing and walking, where a vocational expert identified 1350 to 1800 unskilled sedentary jobs within claimant's limitations). AFFIRMED.
 
 
 
 *
 The Honorable Donald P. Lay, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation