

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-5-2004

# Albury v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2151

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Albury v. Comm Social Security" (2004). *2004 Decisions.* Paper 415.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/415

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 03-2151

LESLIE W. ALBURY
                              Appellant
                    v.

COMMISSIONER OF SOCIAL SECURITY

Appeal from the United States District Court
for the District of New Jersey
(Civil Action No. 00-cv-2870)
District Judge: Hon. Garrett E. Brown

Argued: December 18, 2003

(Filed: August 5, 2004)

Before: ROTH and McKEE, Circuit Judges,
and CUDAHY, Senior Circuit Judge.[*]

THOMAS H. KLEIN (Argued)
SMITH & KLEIN
100 Broad Street
Eatontown, NJ 07724
Attorney for Appellant

PETER G. O'MALLEY
LESLIE A. RAMIREZ-FISHER (Argued)
Office of United States Attorney
970 Broad Street
Room 700
Newark, NJ 07102

---

[*] Honorable Richard D. Cudahy, U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

Attorneys for Appellee

OPINION

McKEE, Circuit Judge.

Leslie W. Albury challenges the district court's denial of his appeal from the Commissioner of the Social Security Administration's determination that he is not entitled to disability insurance benefits. Because we find that the Commissioner's decision is supported by substantial evidence and that any legal error was harmless, we will affirm the district court.

**I**

Since we write only for the parties, it is not necessary to recite the facts of this case except insofar as may be helpful to our brief discussion.

On January 10, 1997, Albury applied for disability insurance benefits based on injuries to his left knee and back suffered in a 1994 car accident. Tr. 163. After undergoing surgery and physical therapy for both injuries, his treating physician, Dr. Berkowitz, found that Albury had "full range of motion [and] no instability" in his knee and "full range of motion [and] no evidence of neurological deficit" in his back. Tr. 157-58. Dr. Berkowitz cleared him to perform "light duty" as of July 10, 1995. Tr. 159.

In 1997, after applying for benefits, Albury was examined by Dr. Bagner. Tr. 168-69. Dr. Bagner found that, despite some pain, Albury had a "normal range of movement" in both his knee and back. *Id.* Finally, Albury was examined by Dr. Riss in 1997 and

1998. Dr. Riss concluded that Albury was 100% disabled. Tr. 180.

On January 29, 1999, the ALJ found that Albury was not entitled to disability insurance benefits. Tr. 14-20. The decision was affirmed by the Commissioner on May 13, 2000 Tr. 7-8. The district court denied Albury's appeal from the Commissioner's decision on February 24, 2003. Albury filed a timely appeal to this Court.

## II

To determine whether a person is "disabled" and thus entitled to benefits, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4). Although we exercise plenary review of legal issues, *Schaudeck v. Commissioner*, 181 F.3d 429, 431 (3d Cir. 1999), the Commissioner's factual findings must be upheld so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . ." *N.L.R.B. v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939) (citation and internal quotation marks omitted). Albury challenges the ALJ's findings at Steps 3 and 5. We will address each in turn.

### A. Step 3 – Listings

At Step 3, if the claimant can establish that his or her impairment(s) "meets or equals" one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("Listings"),

3

he/she will be found to be disabled without any further inquiry. § 404.1520(a)(4)(iii).[1]

The disabilities set forth in each Listing are "presumed to prevent a person from pursuing any gainful work . . . ." *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). However, if the claimant's impairment(s) does not meet or equal any of the Listings, the ALJ will continue to Step 4 of the sequential analysis. In this case, the ALJ found that Albury's impairments, while severe, did not meet or equal any of the Listings. A.R. 19.

First, Albury contends that the ALJ erred by failing to discuss any of the specific Listings at Step 3. In support of this position, he relies on *Burnett v. Commissioner*, 220 F.3d 112 (3d Cir. 2000). In *Burnett*, the ALJ did nothing more than state his conclusion that the claimant's "impairment failed to equal the level of severity of any [of the Listings]." *Id.* at 119. We found that this conclusory statement was inadequate because it did not allow for meaningful judicial review. We remanded the matter and instructed the ALJ to "fully develop the record and explain his findings at step three, including an analysis of whether and why Burnett's back and knee impairments, or those impairments combined, are or are not equivalent in severity to one of the listed impairments." *Id.* at 120. In contrast, the ALJ here discussed all of the relevant medical evidence before concluding that Albury was not entitled to disability insurance benefits. Albury argues

---

[1] At Steps 1 and 2, the ALJ found that Albury had not been engaged in "substantial gainful activity" since January 1, 1995, and his back and knee impairments were "severe." § 404.1520(a)(4)(I)-(ii).

4

that the ALJ was *required* to discuss the applicable Listings in his opinion. While this would have been helpful, and may even be required by *Burnett*,[2] our primary concern has always been the ability to conduct meaningful judicial review. *See Burnett*, 220 F.3d at 119. Because the ALJ's decision in this case allows for such review, any error was harmless because the decision is still supported by substantial evidence, and the ALJ's decision is explained in sufficient detail to allow meaningful review.

Next, Albury argues that his knee and back impairments meet or equal Listings 1.03 and 1.05C (1999). However, he cites no medical evidence in the record to support this. More importantly, there is substantial evidence to support the ALJ's decision to the contrary. The ALJ placed great weight on treating physician Dr. Berkowitz's opinion that Albury had "full range of motion" in his knee and back, and that he could return to "light duty." Tr. 157-59. This opinion was supported by examining physician Dr. Bagner who also found that, despite some pain, Albury's knee and back exhibited a "normal range of movement." Tr. 169. The ALJ also considered contrary findings in the record.[3] Specifically, he rejected the report of examining physician Dr. Riss–who found that Albury was 100% disabled (Tr. 176-180)–because Dr. Riss' opinion was inconsistent with the findings of Drs. Berkowitz and Bagner. Thus, the ALJ fulfilled his obligation to

---

[2] *Burnett* does not expressly hold that the ALJ must discuss the applicable Listing(s) in his/her decision.

[3] Albury also argues that he has to alternate between sitting and standing. Appellant's Brief at 24-25. However, there is no medical evidence supporting such a limitation.

provide not only "an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). Moreover, we have held that greater weight should be accorded the findings of a treating physician (*e.g.*, Dr. Berkowitz) as compared to the findings of a physician who has merely examined the claimant (*e.g.*, Dr. Riss). *Adorno*, 40 F.3d at 47.

Finally, Albury contends that the ALJ did not properly consider his subjective complaints of severe pain. Appellant's Brief at 19. Although pain alone can be disabling, *Green v. Schweiker*, 749 F.2d 1066, 1068 (3d Cir. 1984), the ALJ found that Albury's claims were not supported by the record. Tr. 19. That finding is supported by the medical opinions of Drs. Berkowitz and Bagner. *Id.* Dr. Berkowitz indicated that Albury "can heal and toe walk without difficulty" and "does his stretching exercises well." Tr. 159. Similarly, Dr. Bagner noted:

> [Albury] gets on and off of the exam table without difficulty and dressed and undressed without assistance. He is not uncomfortable in the seated position during the interview. He can heel and toe walk. He does not use a cane or other assistive device.

Tr. 169. Based on these findings, the ALJ again rejected the contrary opinion of Dr. Riss. Tr. 18. Thus, he properly considered and rejected Albury's subjective claims of pain. *See Green*, 749 F.2d at 1068.

We therefore find that the ALJ's finding that Albury's impairments do not meet or

6

equal any of the Listings is supported by substantial evidence here.[4]

**B.      Step 5 – Ability to Perform Other Work**

At the fifth and final step, the burden shifts to the Commissioner to determine whether the claimant can "make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v).[5]  In order to make this determination, the Commissioner may use the medical-vocational guidelines ("grids").  *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)).[6]  "The grids consist of a matrix of four factors–physical ability, age, education, and work experience–and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy which establish the types and numbers of jobs that exist in the national economy for claimant's with exertional impairments." *Id.* However, the grids may not be used to determine the impact of nonexertional limitations,

---

[4] Albury asserts that because he "almost meets the severity of two separate Listings, combined he should be disabled." Appellant's Brief at 19.  He also argues that the ALJ should have considered non-severe impairments to his groin and wrist. Appellant's Brief at 19.  However, he offers no legal or factual support for either of these assertions.  Finally, he contends that remand is warranted because the relevant Listings have been substantially revised as of February 2002.  Appellant's Brief at 20.  However, the revised Listings only apply to claims pending at the administrative level on or after the effective date of the revision.  66 F.R. 58011-12.  The Commissioner issued a final decision on Albury's claim in 2000.  Tr. 7.

[5] At Step 4, § 404.1520(a)(4)(iv), the ALJ found that Albury could not return to his past employment as a hospital orderly, which required him to perform heavy to very heavy work.  Tr. 18, 19.

[6] The Commissioner may also rely on a vocational expert.  *Sykes*, 228 F.3d at 263.

such as pain. *See Sykes*, 228 F.3d at 261.  However, since the ALJ properly rejected Albury's subjective claims of pain, *see supra* IIA, he was permitted to rely exclusively on the grids.

Using the grids, the ALJ found that Albury had the residual functional capacity to perform the "full range of light work" and was therefore not disabled.  Tr. at 19-20.[7] "Light work" is defined as:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).  The ALJ's decision at Step 5 is also supported by substantial evidence and not based on any legal error.

### CONCLUSION

Based on the foregoing analysis, we will affirm the district court.

_____

---

[7] The ALJ also indicated that Albury was a younger individual (42) with limited education (10th grade) and that transferability of work skills was immaterial.  Tr. 19-20.